[No. 19336.　Department Two.　July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. WALKER WILLIS *et al., Appellants.*[1]

JURY (29-1)—QUALIFICATIONS—TAXPAYER. It is reversible error to deny a peremptory challenge to a juror who is not a taxpayer of the state, as required by Rem. Comp. Stat., § 94, all peremptory challenges being exhausted before the jury was completed.

Appeal from a judgment of the superior court for Grant county, Jeffers, J., entered February 26, 1924, upon a trial and conviction of the unlawful possession of intoxicating liquor. Reversed.

*Daniel T. Cross,* for appellant.

*N. W. Washington,* for respondent.

MACKINTOSH, J.—The only error assigned on this appeal in this criminal action arises from the court's denying a challenge for cause directed to one of the jurors on the ground that he was not a taxpayer of this state. The statement of facts shows that this juror was a resident of the state and "that he had never paid any taxes of any kind upon any property owned by him either in the state of Washington or elsewhere"; that some of his household goods had been assessed, but that their value was not in excess of the exemptions allowed and not sufficient to subject him to the payment of taxes. The juror was allowed to remain in the box until thereafter removed by peremptory challenge, the defendant exhausting all his peremptory challenges before the jury was completed.

Section 94, Rem. Comp. Stat. [P. C. § 8151], declares that "No person shall be competent to serve as a juror in the superior courts of the state of Washington unless he be (1) an elector and taxpayer of the state .

[1]Reported in 237 Pac 711.

. . . '' This language would hardly seem possible of finical dissection. It says that a juror must be a taxpayer; a taxpayer is a person who pays taxes; the juror objected to paid no taxes—it would seem to follow that he was not a taxpayer. This court, in *Lasityr v. Olympia,* 61 Wash. 651, 112 Pac. 752, heretofore has said that ''. . . a taxpayer, within the meaning of this statute, is a person owning property in the state, subject to taxation and on which he regularly pays taxes.''

The judgment is reversed and a new trial granted.

Tolman, C. J., Fullerton, Mitchell, and Holcomb, JJ., concur.