ROBERT H. DENTON v. STATE.

No. A-8911.   Nov. 15, 1935.
On Rehearing Dec. 12, 1935.
(53 Pac. [2d] 1136.)

Clay M. Roper and Herman Merson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Lewis R. Morris, Co. Atty., and John F. Eberle, Asst. Co. Atty., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of murder and his punishment fixed at death.

The information alleges that on the 15th day of May, 1934, defendant shot and killed one John O. Peters. A very brief statement of the facts is all we deem necessary.

The voluminous record discloses that defendant, twenty-two years of age, married Mildred Gozart. That some few months after the marriage he developed syphilis, which he claims to have contracted from his wife. Some time later the wife sued for divorce. Defendant entered an appearance in the case. The divorce was granted. In less than two weeks defendant married another woman, though he continued to claim a supervisory attitude toward the conduct of his former wife. Soon after the separation of defendant and his first wife and before a divorce had been obtained, she made a trip to California by automobile with deceased. After the divorce and subsequent marriage of defendant, the former wife and the deceased were frequently together and to this conduct defendant gave particular attention and made threats which led to his finally preparing himself and killing deceased. The killing occurred near the corner of Harvey and Main streets, Oklahoma City. On the date charged, defendant, who was armed with a pistol, saw deceased leaning against the west side of the Security building and fired twice at his head, one of the shots wounding him slightly. Deceased, who was unarmed, ran around the corner of the building toward the Main street entrance and as he ran defendant shot him in the back. Deceased fell on the sidewalk and expired in a few minutes without making any statement. Defendant then surrendered to the police, was taken to the police station and made a statement which disclosed a case of premeditated murder. The defense is self-defense and insanity. The only testimony in support of self-defense is that of defendant and it is of a very unsubstantial character. The defense of insanity is supported by three experts and a number of lay witnesses. The charge of the court correctly states the law applicable to

each defense. Such of the assignments argued which we deem of sufficient importance will be discussed.

Complaint is made of error in overruling challenge for cause to juror Griffith. The challenge was directed to the answer of the juror on his voir dire touching insanity as a defense. This juror was intelligent and while he was not able to state the rules of evidence and procedure under which the prosecution is required to prove beyond a reasonable doubt the defendant's sanity at the time of the commission of the crime, when the evidence has once raised a doubt of his sanity, his answers to questions disclose such was his understanding and he readily assented he would be governed by the court's instructions on this point. The juror was excused by peremptory challenge and defendant asserts he was compelled to use one of his peremptory challenges on this juror. There was no error in the ruling. Under this assignment, objection was also made to juror Brown. This juror was drawn from the box as a member of the regular panel; the objection is that he was not a taxpayer, citing State v. Willis, 135 Wash. 312, 237 Pac. 711. The juror was listed for taxation and his name was properly on the tax rolls, but by reason of being an ex-service man the statutory exemption relieved him from the payment of taxes for that year, but that he was subject to payment the next year. The qualifications of a juror are prescribed by section 805, Okla. Stat. 1931. The list of jurors must be selected from the tax rolls. Section 797, Okla. Stat. 1931. There is no requirement of law that a juror must be a taxpayer. The case of State v. Willis, supra, is not in point for the reason the law of that state requires a juror shall be a taxpayer. The juror Brown was qualified. It is asserted in the brief of defendant that all the per-

emptory challenges allowed him were exercised. The record does not disclose this to be a fact.

Defendant's counsel argue error in the court's permitting the witness Lee to testify for the reason the list of state's witnesses served on defendant did not bear the correct street address as required by article 2, § 20, of the Constitution. A list of the state's witnesses, containing the name of this witness, was duly served. When the witness was called in chief, objection was made and it was discovered the street address on the list was incorrect. The court thereupon excused the witness, stating he would look into the question; two days later the witness was again called and testified without objection, and at the conclusion of his testimony a motion to strike was made, because of incorrect street address. There was no attempt to conceal this witness, and, after he was first called, defendant had an opportunity to know his correct address and to ascertain what his testimony would be. The constitutional period elapsed before the witness was used. The purpose of the requirement that a list of witnesses be served is to apprise defendant who the witnesses are, where they may be found, and to enable him to investigate their testimony, their character, and credibility; it was never intended the provision should operate as a means to defeat justice by a too strict or technical construction. State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; Galbert v. State, 12 Okla. Cr. 571, 160 Pac. 332. Another reason for holding the use of this witness no error is his testimony was cumulative. Havill v. U. S., 5 Okla. Cr. 334, 115 Pac. 119.

On this subject defendant argues the court erred in permitting the former wife of defendant to testify for the reason her name and address had not been served. Her

name appeared on the list served, but her street address was incorrect. As his former wife, defendant knew her character, reputation, and history and what she would testify better than any one else. The objection is further made that the court records did not disclose her divorce from defendant and her testimony was therefore incompetent, although the specific objection that the witness was incompetent is not made, citing Garrett v. State, 118 Neb. 373, 224 N. W. 860. Both the witness and the defendant testified they had been divorced. Defendant further testified he had remarried after the divorce. In addition, there was introduced in evidence certain court records in which is a minute of the granting of decree. The contention is without merit.

The contention is made that the evidence is insufficient to sustain the judgment and the judgment is contrary to the law and the evidence. A large part of the briefs of both defendant and the state is directed to this assignment and the testimony is quoted at length. Some of defendant's argument goes more to the credibility than to the sufficiency of the testimony. For instance, defendant argues the testimony of the mother of deceased, in some particulars, is unbelievable and contradicts that of other witnesses; further, that Exhibit 1, a letter from defendant to this witness, discloses it was altered to constitute a threat. We agree with the argument that the testimony of this witness shows animus and is colored by her zeal. As to the exhibit, there is no question but that this letter was altered by the erasure of some three or four words and the insertion of other words. The witness testified it was in this condition when she received it. She was subjected to a vigorous cross-examination and her interest and animus were fully shown the jury. The change in the exhibit, by whomsoever it may have been

made, was particularly stressed and the jury permitted to examine it with a magnifying glass. All the testimony of this witness may be disregarded and the change and alteration of the exhibit considered in the light most favorable to defendant, and yet there is no question but that the evidence, both direct and circumstantial, overwhelmingly sustains the charge of premeditated murder. The evidence is practically all one way, so much so that we deem it unnecessary to point out the various items of testimony, particularly the testimony of defendant and his admissions on the stand, which justify this conclusion.

It is argued the court erred in overruling defendant's motion for a new trial and his motion in arrest of judgment. We consider these assignments together. The new trial motion is voluminous, setting out affidavits of evidence of insanity which defendant states he would be able to procure at another trial. Further he offers to prove by an expert the alteration in Exhibit 1, the letter from defendant hereinbefore referred to; he further offers proof contradicting some of the testimony of the state's witnesses. The motion for new trial presents no new matters, but merely some cumulative testimony and some impeaching or contradicting the state's witnesses. It was properly overruled. The motion in arrest of judgment alleges the present insanity of defendant and has attached thereto certain exhibits. Defendant contends this required a hearing and a jury trial of present sanity before judgment and sentence, citing Marshall v. Territory, 2 Okla. Cr. 136, 101 Pac. 139; Taylor v. State, 27 Okla. Cr. 165, 225 Pac. 988; Adams v. State, 49 Okla. Cr. 94, 292 Pac. 385; Fralick v. State, 25 Ariz. 4, 212 Pac. 377; People v. Vester, 135 Cal. App. 223, 26 Pac. (2d) 685. On the question of insanity, the instant case is within the rule announced in Adams v. State, supra. The motion

tenders eight exhibits attached thereto, being three affidavits of medical experts and certain letters written by defendant to his parents during his incarceration, and stated, further, testimony would be offered if the court would submit to a jury the question of present insanity. The question of present sanity of an accused is directed first to the attention of the trial court. The applicable statutes are section 3212 et seq. and section 3106, Okla. Stat. 1931. Under the procedure prescribed when an indictment or information is called for trial, or when, after conviction, the defendant is brought up for judgment, if a doubt arises in the mind of the court as to the present sanity of a defendant, the court must then order a trial of this question by a jury as a question of fact, as in a civil case or special proceeding. The proceeding is outlined in the sections of the statute referred to. If a claim coming from a reputable source is made, either at the beginning of the trial or at the time for judgment and sentence, that a defendant is insane at the time, with a reasonable showing or tender of proof in support thereof, it is the duty of the court to submit the question to a jury. But where, at the trial, the defense is interposed, not of present insanity, but insanity at the time of the commission of the crime charged, which question is tried to the jury, which by its verdict finds against such plea, such finding is conclusive up to the time of the return of the verdict. The showing in support of a motion in arrest of judgment on the ground of present insanity must be of matters arising subsequent to the verdict.

This question has not been before the courts of the different states a great many times and the authorities are not uniform. Some of the states have no statute governing the procedure in such cases, while statutes of other states vary. Some courts have held that when the ques-

tion of present sanity is raised after verdict, it may be determined either by the court or by a jury. Bonds v. State, Mart. & Y. (Tenn.) 143, 17 Am. Dec. 795; State ex rel. Chandler, 45 La. Ann. 696, 12 So. 884. In an early California case, People v. Pico, 62 Cal. 50, it was held that where the showing made did not raise in the mind of the court a reasonable doubt of the defendant's sanity, there was no error in refusing to submit the issue to the jury. See, also, annotations Baughn v. State (Ga.) 38 L. R. A. 577. Under our statutes, section 3212 et seq., the correct procedure is that where a motion in arrest of judgment on the ground of present insanity is filed, it must be of a substantial character, setting out the facts relied upon to show insanity subsequent to the verdict and it should be supported by affidavits and tender squarely the issue of present insanity. It is not enough that the motion tender an issue of insanity prior to the verdict, for in that case it offers merely a retrial of an issue unsuccessfully urged before the jury. State v. Brinyea, 5 Ala. 241. When the motion is made and supported by such a showing, then a legal doubt of defendant's sanity arises, and it is the duty of the trial court to impanel a jury and to try the issue. While a trial judge may personally have no doubt of defendant's sanity, yet if the motion and showing in support thereof is substantially as outlined, it is sufficient legally to raise a doubt. In such a case, a refusal to submit the issue to the jury is an abuse of discretion.

In the instant case, the motion in arrest of judgment is subject to criticism as not tendering squarely the issue of insanity arising subsequent to the verdict, but such we think is its import. The showing in support of the motion is of such a substantial character that it became the duty of the trial court before pronouncing judgment to sub-

mit to a jury impaneled under the statute the question of defendant's present sanity. While the trial court has a discretion, it is not arbitrary or absolute. Commonwealth v. Buccieri, 153 Pa. 535, 26 A. 228; State v. Harrison, 36 W. Va. 729, 15 S. E. 982, 18 L. R. A. 224. The overruling the motion in arrest was an abuse of discretion.

We find no substantial error in the record up to this point. The court properly overruling the motion for a new trial. His error in overruling the motion in arrest of judgment, without submitting the question of present sanity to the jury, does not require a retrial of the case. The order of the court overruling motion in arrest is vacated and the judgment set aside and the case is remanded to the district court of Oklahoma county, with instructions to impanel a jury as provided by section 3212, Okla. Stat. 1931, and try the issue of the present sanity of defendant. If the verdict in such trial shall be that defendant is sane, judgment and sentence shall be in accordance with the verdict; if the verdict shall be that defendant is insane, judgment and sentence shall be suspended until he be restored to sanity and for further proceedings as provided by law.

DAVENPORT, P. J., and DOYLE, J., concur.

On Rehearing.

PER CURIAM. Opinion was heretofore filed in this case on the 15th day of November, 1935, thereafter petition for rehearing was filed by the plaintiff in error and was granted.

Pending the rehearing, we are officially advised that the Governor of this state, under his constitutional authority, has extended clemency to plaintiff in error by

commuting the sentence from death to life imprisonment and that such clemency has been accepted.

Upon a further consideration, the original opinion is adhered to, but on account of the grant of clemency that part of the opinion ordering a sanity hearing is abated.