## Ex parte BENTON WALKER.

No. A-9023. Dec. 13, 1935.
(52 Pac. [2d] 111.)

Morrill & Snodgrass, for petitioner.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

DAVENPORT, P. J.  This is an original petition filed in this court in which the petitioner alleges he is unlawfully confined, imprisoned, and restrained of his liberty, by Fred Hunt, warden of the state reformatory, at Granite, Okla.; that the reason of said restraint to the

best of his knowledge and belief is that on the 24th day of September, 1927, petitioner, on a plea of guilty in the district court of Jackson county, Okla., was convicted of the crime of burglary in the second degree, and adjudged by the trial court to be confined in the state reformatory at Granite for a period of three years; that the judgment and sentence provided that said sentence should be suspended during the pleasure of the district judge and the good behavior of the petitioner, Benton Walker.

The petitioner further alleges that on the 24th day of January, 1928, and after said judgment had become final and unappealed from, said cause came on for hearing upon a motion of the county attorney of Jackson county, Okla., to revoke the suspended sentence heretofore given, and the district judge of Jackson county made an order wherein and whereby said suspended sentence granted said petitioner was revoked, and an order made that the said Benton Walker be transported to the state reformatory at Granite to serve out said sentence, and at the same time and place and in the same decree it was provided that, whereas the defendant had given notice of appeal from said order to the Criminal Court of Appeals of the State, that said order should be stayed, pending the defendant's execution of an appeal bond in the sum of $2,000, conditioned as provided by law.

It is further alleged by the petitioner that he executed the appeal bond fixed by the court, and has been at liberty thereunder ever since said date until the 5th day of October, 1935; that at said time and place it was understood by the district judge, the county attorney, and the attorney for the defendant that no appeal was contemplated and that said bond was given and said order made to better insure the behavior of the petitioner.

The petitioner further alleges that the original term of said imprisonment has long since expired, and that under said order revoking said suspended sentence on the 24th day of January, 1928, under a commitment issued by the clerk of Jackson county, the sheriff of Jackson county transported petitioner to the said reformatory at Granite, Okla., on the 5th day of October, 1935, and there delivered him to the said Fred Hunt, warden of the state reformatory, at Granite, and there holds and restrains the defendant of his liberty. The petitioner avers that said imprisonment is illegal for the following reasons:

"First. That said commitment is void for uncertainty for the reason that it does not describe the offense for which petitioner was convicted and does not fix a definite time to be served by the petitioner.

"Second. Your petitioner further avers that said order revoking said suspended sentence is an unappealable order and that no appeal lies from any orders of the court except the judgment of the court, and that no appeal would or could lie and that said order could not be suspended by any supersedeas bond; that it was the duty of the court at said time to commit the petitioner to the custody of the sheriff of Jackson county, Oklahoma, and to cause him to be transported to the state reformatory to satisfy said judgment and sentence of conviction and that the action of the court, the county attorney and the sheriff in agreeing that said bond might be executed and that said petitioner might depart from said court was and is unlawful and without any authority of law and could not operate to stay the running of the sentence and that said sentence started to and did begin to run as of January 24, 1928, and that the same has by operation of law, long since expired."

The warden of the reformatory, in making his return, admits the sentence was suspended until the 24th day of January, 1928. Further he says that on the 24th day of

January, 1928, the judge who imposed the sentence upon the petitioner revoked the order for the reason that the said petitioner, Benton Walker, had violated the terms of the suspension by committing the crime of burglary in the second degree.

The respondent further admits that the said petitioner, Benton Walker, prayed an appeal from the order of the district court of Jackson county, Okla., revoking the order of suspension and was enlarged at the time of said revocation of the suspended judgment, on a supersedeas bond of $2,000, and remained at large without being confined on said judgment of conviction for the crime of larceny, on the 24th day of January, 1927, until the 5th day of October, 1935, when he was committed upon said judgment to the custody of the warden of the said reformatory.

The petitioner contends that the suspension of the judgment against him from September 24, 1927, until the order of suspension was revoked, and then permitting him to remain on his bail he had given until October 5, 1935, amounted to releasing him from the judgment and sentence, for the reason he claims that he did not appeal from the original judgment and sentence, and that the order revoking the suspended sentence was not an order that could be appealed from. The petitioner by executing the supersedeas bond got the benefit of its provisions and was at large for many years under the provisions of this bond and cannot now be heard to complain that the order appealed from, for which the supersedeas bond was given, was such an order that could not be appealed from, and that the execution of that bond did not stop the running of his sentence. It would be absurd to say that a defendant in a criminal case could execute a bond and get the

benefit derived therefrom, and then be exonerated because the order he was attempting to appeal from was such an order that an appeal could not be taken therefrom.

The statements of the petitioner in his petition amount to an admission, and clearly show that he is not entitled to be discharged from custody, but that under the terms of the revocation and his supersedeas bond he has been at large, and we hold his term of imprisonment was not running during the time he was at liberty on bond, even though it may be conceded when he gave the bond he did not intend to appeal from the order revoking his suspended sentence. The petitioner has not served the time for which he was sentenced.

After carefully considering the allegations of the petition, and the response thereto, and the statement and facts admitted, without lengthening this opinion further, we hold that the petitioner is not entitled to the relief prayed for.

The writ is denied.

EDWARDS and DOYLE, JJ., concur.