Ex parte JOE CEPHUS GRAY.

No. A-10024. April 1, 1942.

(124 P. 2d 430.)

Joe Cephus Gray, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.   Petitioner, Joe Cephus Gray, has filed in this court his petition for writ of habeas corpus alleging that he is illegally and unlawfully restrained of his liberty and freedom in the Oklahoma State Penitentiary at McAlester by the warden, J. F. Dunn.  His confinement is by reason of a judgment and sentence of the district court of Tillman county entered on the 23rd day of October, 1940, wherein he was convicted by a jury on a charge of first degree robbery and given a sentence of ten years in the penitentiary.

In his petition it is alleged that he was denied his legal and constitutional rights by reason of the fact that he was "denied his rights to be represented by an attorney at the said trial in open district court and was forced to trial by Judge John B. Wilson without any counsel to advise him or defend him."  He further alleges that the "said Joe Cephus Gray did in person request the court at the trial and prior thereto to appoint an attorney to represent him and the said request and demand was denied by the court," and that he was "forced to trial without an attorney to defend him."

It appears from the records of this court that this same petitioner filed his petition for writ of habeas corpus on January 9, 1941, and that this court in an opinion delivered on January 15, 1941, denied his petition. See Ex parte Gray, 71 Okla. Cr. 123, 109 P. 2d 513.  In that case the same allegations were made as are here stated.  There, only, the verified petition was filed, and in the instant case petitioner has filed a transcript of the evidence taken in the trial of his case in Tillman county.  There was no attempt on the part of the petitioner to appeal from the judgment and sentence rendered by the district court of Tillman county.  It has recently been decided by this court in the case of Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300, that:

"Where the Criminal Court of Appeals on final hearing has denied an application for a writ of habeas corpus, it will not ordinarily entertain a subsequent application for a writ based on the same grounds and the same facts, as presented in a former application, or on any other ground or facts existing when the first application was made, whether presented then or not."

We will state, however, that we have carefully examined the record which has been filed in this case and the same reveals the following at the time defendant was tried:

"Statement of the Commencement of Trial:

"And be it remembered, that thereafter, on the 23rd day of October, 1940, this cause came on for trial in its duly and regularly assigned order; and there appeared the State of Oklahoma by its county attorney, Haskell A. Holloman, and assistant county attorney, John B. Wilson, Jr., and there appeared the defendant in person and as counsel in his own behalf, the court having heretofore offered to appoint him counsel if he so desired, and the defendant having repeatedly stated he preferred to represent himself; and thereupon, a jury was called into the box, and counsel for the State of Oklahoma and the defendant, personally, examined said jurors individually and collectively, and each side exercised their peremptory challenges."

The record further reveals that the defendant in person conducted his trial, cross-examining the witnesses offered by the state and introducing a number of witnesses in his own behalf. He did not testify in person. His conduct at the trial and in the examination and cross-examination of witnesses revealed that he was quite familiar with courtroom procedure, notwithstanding the fact that he was not a lawyer. He had been recently discharged from the state reformatory at Granite.

There is nothing in the record to show that the judgment and sentence rendered in this case were void, and

under the many decisions of this court we could not exercise jurisdiction on habeas corpus. Ex parte Williams, 70 Okla. Cr. 377, 106 P. 2d 524; Ex parte Green, 69 Okla. Cr. 218, 101 P. 2d 641; Ex parte Powell, 60 Okla. Cr. 257, 63 P. 2d 771; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Tiner, 72 Okla. Cr. 250, 115 P. 2d 282; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

It is unnecessary to review the record. For the reasons above stated we are of the opinion that petition for writ of habeas corpus should be denied, and it is so ordered.

JONES and DOYLE, JJ., concur.