R. H. DENTON v. HUNT, Warden.

No. A-10413. Oct. 25, 1944.

(152 P. 2d 698.)

A. L. Beckett, of Oklahoma City, for applicant.

Mac Q. Willlamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus instituted by R. H. Denton for and on behalf of his son, Robert H. Denton, Jr., to secure his release from confinement in the State Penitentiary, where he is serving a sentence of life imprisonment upon conviction for the crime of murder. Robert H. Denton, Jr., will be hereafter referred to in this petition as the petitioner.

The petitioner was convicted in the district court of Oklahoma county of the crime of murder and sentenced to death. An appeal was taken to this court and judgment rendered on November 15, 1935, sustaining the conviction, but directing that a jury be impaneled to determine the present sanity of the accused. Denton v. State, 58 Okla. Cr. 275, 53 P. 2d 1136. Subsequent to the rendition of said opinion, a petition for rehearing was filed and denied. At that time, the mandate of this court was issued to the district court of Oklahoma county. After the issuance of the mandate and upon application of the accused, permission was granted to file a second petition for rehearing and an order was made by this court recalling the mandate from the district court of Oklahoma county. In the meantime, subsequent to the issuance of the mandate and prior to the filing of the second petition for rehearing, the accused

made application to the Governor for clemency, and the Governor commuted the death sentence to a term of life imprisonment in the State Penitentiary. Subsequent thereto, this court rendered a per curiam opinion adhering to the conclusions reached in the original opinion, but vacating that part of the original opinion which ordered a sanity hearing to be held for the defendant.

In the original opinion by Judge Edwards, the various assignments of error presented in the appeal were reviewed and considered at length. One of these assignments was the contention of the defendant that the trial court erred in overruling the motion in arrest of judgment after the verdict was rendered on account of the present insanity of the defendant. This court, after reviewing the various assignments of error, sustained the prosecution on everything but the ruling on the motion in arrest of judgment. This court's ruling on that point as shown by the original opinion is as follows:

"We find no substantial error in the record up to this point. The court properly overruling the motion for a new trial. His error in overruling the motion in arrest of judgment, without submitting the question of present sanity to the jury, does not require a retrial of the case. The order of the court overruling motion in arrest is vacated and the judgment set aside and the case is remanded to the district court of Oklahoma county, with instructions to impanel a jury as provided by section 3212, Okla. Stat. 1931 [22 O. S. 1941 § 1162], and try the issue of the present sanity of defendant. If the verdict in such trial shall be that defendant is sane, judgment and sentence shall be in accordance with the verdict; if the verdict shall be that defendant is insane, judgment and sentence shall be suspended until he be restored to sanity and for further proceedings as provided by law."

On rehearing the following order was made:

"Per Curiam. Opinion was heretofore filed in this case on the 15th day of November, 1935, thereafter petition for rehearing was filed by the plaintiff in error and was granted.

"Pending the rehearing, we are officially advised that the Governor of this state, under his constitutional authority, has extended clemency to plaintiff in error by commuting the sentence from death to life imprisonment and that such clemency has been accepted.

"Upon further consideration, the original opinion is adhered to, but on account of the grant of clemency that part of the opinion ordering a sanity hearing is abated."

It is now contended by the petitioner that the judgment of the district court of Oklahoma county has been vacated and this court lost jurisdiction to recall the mandate after its issuance and that the district court because of the lapse of time has lost jurisdiction to proceed further in the case in accordance with the original opinion, and therefore, it is the duty of this court on habeas corpus to discharge the prisoner from custody.

It is first contended that this court is without authority to recall the mandate after its issuance by the clerk of this court. The Criminal Court of Appeals has exclusive appellate jurisdiction in all criminal cases and, as such, is given authority to issue writs of habeas corpus, and may promulgate such rules governing said court and prescribing the procedure that may be followed as it may deem necessary. 20 O. S. 1941 §§ 40 and 41. The rules of this court are set forth in the appendix to volume 44 of the Oklahoma Criminal Reports.

Under the general superintending power which this court exercises over all inferior courts in this state in criminal cases and in aid of its appellate jurisdiction, it appears that this court should have authority upon appli-

cation of the defendant to recall a mandate after its issuance. It is well settled by authorities from every jurisdiction that the mandate may be recalled after it is spread upon the records of the trial court where there has been fraud, accident, inadvertence, or mistake in connection with the issuance of the mandate.

The Supreme Court of Oklahoma, in the case of Thomas v. Thomas, 27 Okla. 784, 109 P. 825, 113 P. 1058, 35 L. R. A., N. S. 124, 133, Ann. Cas. 1912C, 713, stated:

"Petition for Rehearing After Transmission of Mandate—Jurisdiction. Where, after a decision of a case, and rendition of an opinion in this court, its mandate is regularly transmitted to the trial court and is spread upon its records, this court in the absence of fraud, accident, inadvertence, or mistake, is without jurisdiction to recall the mandate and entertain a petition for rehearing, and a motion for leave to file the same will be denied."

In Thompson v. Nickle et al., 113 Okla. 44, 239 P. 649, it is held:

"This court has jurisdiction to recall a mandate only when it clearly appears from the record that same was issued through inadvertence or mistake and in violation of the rules of this court."

The better rule seems to us to be that as one of the powers of the Criminal Court of Appeals under its appellate jurisdiction, it is competent for it to determine whether it will resume jurisdiction for any purpose, and having decided to do so, it may then request the court below to return the mandate so that re-argument may be had or the mandate amended as the case may be. It is technically true that this court must be repossessed of the mandate before an order made in the cause is effectual. This is true because of the rule that two courts will not be given jurisdiction over a cause at the same time.

However, it does not seem to us that it is necessary to decide this point for the reason that the mandate was recalled at the request of the defendant. The steps that were taken were in accordance with the application presented in his behalf. He received all of the benefits of such application, and this court will not allow him to say that the proceedings under which the mandate was recalled were invalid. Ex parte Walker, 58 Okla. Cr. 285, 52 P. 2d 111; Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419.

With this conclusion established, we come now to the question as to the effect of the per curiam opinion rendered on rehearing. Although some of the language used might be improved upon, the intent and purpose of the original opinion and the court's action on rehearing is not confusing. The original opinion decided all contentions adversely to the defendant except that he was entitled to a sanity hearing before being committed to the penitentiary. After this opinion was rendered and mandate thereon issued, and subsequent to the commutation of the death sentence to life imprisonment upon application of the defendant, the per curiam opinion was handed down vacating that part of the original opinion which directed that a sanity hearing for the defendant be held. This left the original opinion upholding the sufficiency of the evidence and the verdict of guilt. The petitioner and counsel who formerly represented him evidently took that view of the matter because eight years passed without the present question ever being raised. Counsel who now represent petitioner was not the counsel who appeared for him in the presentation of his appeal. However, present counsel has vigorously presented contentions of petitioner, and his argument is not without considerable merit. However, where the intention of this court is ascertainable from the

opinion which was rendered, we feel that it would be thwarting justice to attempt in this proceeding to read into the record something which manifestly was not intended to be there included.

There is another reason why the petition for writ of habeas corpus will be denied. It is the rule of this court that where the Criminal Court of Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on the same grounds and facts or any other grounds or facts existing when the first application was made whether then presented or not. In re Arthur, 75 Okla. Cr. 315, 131 P. 2d 135; Ex parte Berrie, 75 Okla. Cr. 115, 129 P. 2d 88; Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300; Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430. In the case of Ex parte Denton, 69 Okla. Cr. 204, 101 P. 2d 276, this same petitioner presented his petition for a writ of habeas corpus and it was denied.

For the reasons herein above stated, the petition for writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.