In re W. J. (Bill) EDWARDS.

No. A-10532.   Dec. 13, 1944.

(154 P. 2d 105.)

Mathers & Mathers, of Oklahoma City, and George B. Forrester, of Sulphur, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus instituted by W. J. "Bill" Edwards to secure his release from confinement in the State Penitentiary.

This same petitioner has heretofore in a similar proceeding sought his release, which petition was denied. 78 Okla. Cr. 213, 146 P. 2d 311.

It is the rule of this court that where the Criminal Court of Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on the same grounds or facts existing when the first application was made, whether then presented or not. Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430; Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300; Ex parte Berrie, 75 Okla. Cr. 115, 129 P. 2d 88; Denton v. Hunt, 79 Okla. Cr. 166, 152 P. 2d 698.

This petition is identical with the former petition filed by this petitioner, except that it is alleged in this petition that the letter purported to have been written by one E. M. Roach, which allegedly was the basis for the revocation of the parole of petitioner, was a false and forged letter. After the rule to show cause was issued,

the testimony of Roach shows that the letter in the files of the Pardon and Parole Office allegedly written by said Roach, in which it was represented that the petitioner was violating certain laws of the State of Arizona, was not written by him, and that he did not know of any law violations being committed by the said petitioner, W. J. Edwards.

In the former opinion of this court concerning this petitioner, it was held that the Governor of the state has the power to annex to a pardon or parole any condition, precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed. As was pointed out in said opinion, the petitioner accepted the parole from the Governor with one of the conditions being that the Governor might revoke the parole for any cause by him deemed sufficient. For that reason, this court will not say that the Chief Executive revoked the parole of the petitioner because of the Roach letter which admittedly is a forgery, and it is not within the province of this court to inquire as to what cause the Governor deemed sufficient to revoke the prisoner's parole.

The petitioner through his counsel argues that the parole officials have become angry at him because of his insistence at being released on parole, and because of his allegations that he was purely a political prisoner, and because of his insistence that he had been reincarcerated solely because of refusal to falsely swear that he had paid an investigator of the former Governor, who issued parole, certain money to secure clemency for him, and for that reason will not consider any application he will file for clemency, and therefore prays this court to grant him relief.

We gave the petitioner and counsel for respondent considerable latitude in presenting this question, and,

from such hearing, it became obvious that certain demands were made upon petitioner to testify in the trial of a former investigator for alleged bribery in connection with the issuance of clemency during the regime of the former Governor.

There was no proof, and not even any inference, that the acting Governor who issued the revocation knew of these demands being made upon the petitioner.

But irrespective of what might have been the motives which prompted the parties who sought the revocation of the parole of the petitioner, this court is without power to grant the relief prayed.

If the facts are as alleged and contended by the petitioner, if the same is presented to the Pardon and Parole Board or directly to the acting Governor who issued the revocation to seek his rescission of the order revoking the parole, we have full confidence that petitioner's cause will be handled on an unprejudiced basis.

The writ of habeas corpus is denied.

BAREFOOT, J., concurs.   DOYLE, J., not participating.