## Ex parte JAKE HINLEY.

No. A-10568.     Jan. 17, 1945.

(155 P. 2d 265.)

George B. Forrester, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus instituted by the petitioner, Jake Hinley, to secure his release from confinement in the State Penitentiary at McAlester.

In the verified petition filed herein it is alleged that the petitioner, on November 27, 1938, was sentenced to serve a life term in the Oklahoma State Penitentiary for the crime of rape. Neither the information nor the judgment and sentence is attached to the petition.

The petition further alleges that the restraint is illegal because petitioner was not given a fair and impartial trial in that the verdict of the jury was rendered without any competent evidence which could establish the guilt of defendant; that testimony was introduced against said petitioner in the trial of said case in disregard of the rules of law pertaining to the admission of evidence. A complete copy of the evidence introduced at the trial of the defendant is attached to the petition and made a part of the petition.

The Attorney General, on behalf of the warden of the State Penitentiary, has filed a demurrer to said petition.

It is established law that the writ of habeas corpus does not serve as an appeal and review of the facts. Ex parte Noble, 78 Okla. Cr. 105, 144 P. 2d 122; Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980.

We have read the transcript of the evidence attached to the petition. It presented a conflict of testimony between the defendant and his daughter.

There is no allegation in the petition making any attack on the jurisdiction of the court. There is no contention that the trial court did not have jurisdiction and power to convict and sentence for rape.

In the case of Ex parte Newman, 67 Okla. Cr. 401, 94 P. 2d 556, 557, it is stated:

"If the court has jurisdiction of the person of the defendant and of the crime charged, and does not exceed its lawful authority in passing sentence, its judgment is not void, whatever errors may have occurred during the trial."

In the case of Ex parte Frazier, 78 Okla. Cr. 230, 146 P. 2d 849, 850, it is stated: "In a habeas corpus proceeding only jurisdictional questions may be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record. where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

It follows from the foregoing that the writ of habeas corpus should be denied. It is so ordered.

BAREFOOT, P. J., concurs. Doyle, J., not participating.