### Ex parte JAKE HINLEY.

No. A-10823.   July 30, 1947.

(183 P. 2d 602.)

George Hill, of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   This is an original proceeding in habeas corpus, instituted by Jake Hinley, to secure his release from confinement in the State Penitentiary.

This same petitioner has heretofore in a similar proceeding sought his release, which petition was denied. Ex parte Jake Hinley, 79 Okla. Cr. 382, 155 P. 2d 265. Thereafter he filed a petition for writ of habeas corpus in the district court of Pittsburg county, which was denied, and now brings this proceeding.

The petition now before the court was prepared by petitioner himself, and without the assistance of counsel. An order to show cause was entered, and the case was set for hearing on March 5, 1947, a regular day for hearing cases on oral argument in this court. Petitioner then employed counsel, who requested time to investigate the case and prepare for oral argument, and the case was stricken from the assignment, and reset for April 23, 1947. At that time counsel for petitioner appeared, and the case was submitted.

It is a rule of this court that where the Criminal Court of Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on the same grounds or facts existing when the first application was made, whether then presented or not. Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430; Ex parte Davis, 74 Okla. Cr. 75, 123 P. 2d 300; Ex parte Edwards, 79 Okla. Cr. 259, 154 P. 2d 105.

This petitioner was sentenced in Jefferson county on November 27, 1938, to a term of life imprisonment for the crime of rape. A complete copy of the evidence introduced at the trial of defendant was attached to the former petition filed in this court.

There was no attack on the jurisdiction of the court in the former petition, or in the present one. The petitioner contends that he was not given a fair and impartial

trial; that the verdict was rendered without competent evidence; that the evidence presented at the trial was not true, and that he did not have an opportunity to secure witnesses to testify in his behalf. No appeal was taken from the judgment and sentence. There is not a copy of the judgment and sentence in the record, and nothing to show that the judgment rendered was void. There is a conflict in the testimony of the petitioner and the prosecuting witness, who was his daughter.

It has often been held by this court that the writ of habeas corpus cannot be substituted for an appeal. Ex parte Wright, 78 Okla. Cr. 157, 145 P. 2d 772; Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561; Ex parte Sullivan, 82 Okla. Cr. 364, 170 P. 2d 260; Ex parte Hinley, 79 Okla. Cr. 382, 155 P. 2d 265, and numerous other cases.

The only relief for this petitioner would be through an application for pardon or parole, before the State Pardon and Parole Board.

For the reasons stated, the petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.