Ex parte JAMES BERRYHILL.

No. A-11008.    June 2, 1948.

(194 P. 2d 214.)

James Berryhill, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  James Berryhill has filed his verified petition in which he seeks a writ of habeas corpus to be released from imprisonment in the State Penitentiary, where he is serving a sentence of life imprisonment pursuant to a judgment and sentence pronounced by the district court of Atoka county.

The verified petition alleged in substance that the judgment was void for the reason that the petitioner was not served with either a list of witnesses or a copy of the information filed against him; that he did not have an attorney to represent him, and was not advised by the court that if he wanted an attorney or could not afford one, the court would appoint an attorney for him, and the attorney would be paid by the state; nor was he advised of the different degrees of homicide of which he might be found guilty, provided the jury did not find him guilty of murder.  Attached to the petition was an affidavit of the petitioner in which he stated that he engaged in a dispute with a man named Wilson in Atoka county on June 23, 1939, and that said petitioner in self-defense did shoot and kill said Wilson; that petitioner fled from the scene of the altercation but was apprehended in Phoenix, Ariz., several months later and was returned to Atoka county for trial; that en route from Arizona to Oklahoma certain officers of Atoka county (without naming them) advised him that if he did not enter a plea of guilty to the crime of murder he would burn in the electric chair.

The warden of the State Penitentiary, acting through the Attorney General, filed a response denying the material allegations of the petition and further alleged that the petitioner entered his plea of guilty to the crime of murder on February 1, 1940, after being fully advised and thoroughly aware of all of his constitutional rights.

It was further alleged that the petitioner, prior to his conviction of murder for which he is serving a term in the State Penitentiary, had sustained three convictions for felonies and had served terms of imprisonment in the State Penitentiary for each of said convictions; that by reason of these prior convictions, the petitioner was not inexperienced in court proceedings, but was thoroughly experienced in crime and familiar with the rights of those charged in criminal actions.

At the time this matter was set for hearing, there was no evidence offered on behalf of the petitioner to support the allegations of the petitioner, other than the affidavit of the petitioner hereinabove referred to. On the other hand, the proof of the state sustained the allegations of the response.

It may be true as stated in the petition that the petitioner would not have been given a sentence in excess of that authorized for a conviction of manslaughter if he had stood trial. He had the option of either standing trial or entering his plea of guilty. By entering his plea of guilty, he waived his right to a trial by a jury.

This court is not vested with powers of clemency. In habeas corpus proceedings we may not modify the sentence which has been imposed upon one convicted of crime, although such right of modification is given by statute where an appeal has been lodged from a judgment of conviction. 22 O. S. 1941 § 1066. In habeas corpus proceedings we are limited in the issuance of the writ of habeas corpus to those cases in which the judgment and sentence pronounced against the accused is clearly void. Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670. There is nothing before us which would authorize

or justify the conclusion that the judgment and sentence was void.

The writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.