## HINLEY v. BURFORD, Warden.
### No. 4074.

United States Court of Appeals
Tenth Circuit.
July 26, 1950.

———•———

Jake Hinley, pro se.

Mac Q. Williamson, Attorney General of Oklahoma, and Owen J. Watts, Assistant Attorney General, on the brief, for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

### PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus.

Appellant, Jake Hinley, was tried and convicted for first degree rape in the District Court of Jefferson County, Oklahoma, and sentenced to serve a life term in the Oklahoma State Penitentiary.

Since 1938, when the life sentence was imposed, appellant has sought release from the judgment and sentence by numerous petitions for a writ in both state and federal courts. In 1943 a petition was denied by the Oklahoma Criminal Court of Appeals (not officially reported), and by the Supreme Court of the United States, Ex parte Hinley, 320 U.S. 713, 64 S.Ct. 198, 88 L.Ed. 418. In 1945 a petition was denied by the Oklahoma Criminal Court of Appeals, Ex parte Hinley, 155 P.2d 265; in 1947 a petition was heard and denied in the District Court of Pittsburg County, Oklahoma; another petition was denied the same year by the Criminal Court of Appeals, Ex parte Hinley, 183 P.2d 602, and certiorari was denied in the Supreme Court of the United States, Hinley v. Burford, 332 U.S. 811, 68 S.Ct. 107, 92 L. Ed. 389. In 1948 another petition was filed in the District Court of Pittsburg County, Oklahoma, and one was filed in the United States District Court for the Eastern District of Oklahoma, each of which was denied (not officially reported). As far as we can determine all of these petitions alleged as grounds for release that appellant's conviction was obtained through perjured testimony, knowingly used.

In this petition for a writ on the same grounds, there is evidence to the effect that appellant was convicted on the false testimony of his daughter, the alleged rapee. But, as the trial court found, there is no testimony tending to show, or from which it can be inferred, that such testimony was knowingly and intentionally used by the prosecution to obtain the conviction.

The writ must therefore be denied. Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914; Wagner v. Hunter, 10 Cir., 161 F.2d 601; Tilghman v. Hunter, 10 Cir., 167 F.2d 661; Cobb v. Hunter, 10 Cir., 167 F.2d 888; Story v. Burford, 10 Cir., 178 F.2d 911.

Affirmed.