## Ex parte HINLEY.

No. A-11404.   July 19, 1950.

(220 P. 2d 844.)

Jake Hinley, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.  The petitioner, Jake Hinley, has filed his petition for a writ of habeas corpus seeking his release from the State Penitentiary at McAlester, Oklahoma, where he is serving a term of life imprisonment by reason of a judgment and sentence in the district court of Jefferson county, Oklahoma.

The judgment and sentence was entered on November 22, 1938, and no appeal was taken therefrom.  On three prior occasions, the petitioner herein has filed petitions for writs of habeas corpus in the Criminal Court of Appeals, one of which was denied on January 17, 1945, Ex parte Hinley, 79 Okla. Cr. 382, 155 P. 2d 265, wherein it was held that a writ may not be substituted for an appeal; the second was denied on July 30, 1947, Ex parte Hinley, 84 Okla. Cr. 437, 183 P. 2d 602, wherein it was held that this court will not entertain an application for a writ of habeas corpus unless it bears on the question of the court's lack of jurisdiction, and further that it will not ordinarily entertain a subsequent application for such writ on the same grounds or facts existing when the first application was made; the third application for a writ of habeas corpus was denied on November 10, 1948, Ex parte Hinley, 88 Okla. Cr. 81, 199 P. 2d 613, wherein the substance of the holding was of the same import as the two prior applications.

The petition for a writ of habeas corpus was filed herein on April 14, 1950 and the questions raised in the three previous occasions being identical in substance the same as the one herewith presented the petitioner wholly fails to state grounds sufficient to entitle the petitioner to relief by habeas corpus.  This court has repeatedly

held that it will not ordinarily entertain a subsequent application for a writ of habeas corpus on the same grounds or facts existing when the first application was made whether then presented or not. Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430; Ex parte Berrie, 75 Okla. 115, 129 P. 2d 88; Denton v. Hunt, Warden, 79 Okla. Cr. 166, 152 P. 2d 698; Ex parte Edwards, 79 Okla. Cr. 259, 154 P. 2d 105. Such being the record here confronting us it is unnecessary to again discuss the issues raised in this and the prior petitions for writs of habeas corpus presented by this petitioner. As has heretofore been said, the situation being such as it is "the only relief for this petitioner would be through an application for pardon or parole, before the State Pardon and Parole Board". Ex parte Hinley, 84 Okla. Cr. 437, 183 P. 2d 603; Ex parte Hinley, 88 Okla. Cr. 81, 199 P. 2d 613. For the reasons hereinbefore stated, the petition for a writ of habeas corpus in accordngly denied.

JONES, P. J., and POWELL, J., concur.