### Ex parte O'HARA.

No. A-11467.   Jan. 3, 1951.

Writ of Certeorari Denied March 26, 1951.   See 71 S. Ct. 567.

(226 P. 2d 327.)

David Leon O'Hara, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, J.   The petitioner, David Leon O'Hara, has filed his application for writ of habeas corpus in this court, wherein it is alleged that he is unlawfully imprisoned in the State Penitentiary at McAlester under a commitment issued from the district court of Grady county, upon a judgment rendered in that court upon a verdict

finding the petitioner guilty of the crime of robbery with firearms, fourth and subsequent offense, and sentencing petitioner to 20 years in the State Penitentiary.

The questions here raised are identical in substance with those alleged in a prior petition wherein this petitioner asked for release by habeas corpus, and in which the writ was denied on May 18, 1949, Ex parte O'Hara, 89 Okla. Cr. 250, 206 P. 2d 592, to which reference is made for a statement of the facts.

The respondent has filed a response to the order to show cause entered herein, calling attention to the previous petition filed by this petitioner, Ex parte O'Hara, supra, and to the fact that thereafter petitioner filed his application for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma, and the court there discharged the writ and denied petitioner any relief; that thereafter the petitioner certified his appeal to the United States Circuit Court of Appeals, Tenth District, and on April 11, 1950, such court confirmed the judgment of the United States District Court for the Eastern District of Oklahoma, O'Hara v. Burford, Warden, 181 F. 2d 96; and that subsequent thereto this petitioner filed an application for writ of certiorari in the Supreme Court of the United States, and on June 5, 1950, that court denied the application, O'Hara v. Burford, Warden, 339 U. S. 990, 70 S. Ct. 1016, 94 L. Ed.—.

This court has repeatedly held that it will not ordinarily entertain a subsequent application for a writ of habeas corpus on the same grounds or facts existing when the first application was made, whether then presented or not. Ex parte Berrie, 75 Okla. Cr. 115, 129 P. 2d 88; Ex parte Hinley, 84 Okla. Cr. 437, 183 P. 2d 602; Ex parte

188

Hinley, 92 Okla. Cr. 85, 220 P. 2d 844; Ex parte Peaker, 87 Okla. Cr. 139, 194 P. 2d 893; Peaker v. Oklahoma, 335 U. S. 909, 69 S. Ct. 409, 93 L. Ed. 442.

For the reasons hereinbefore stated, the petition for writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.