## PRUITT v. BURFORD.

No. A-11497. Jan. 24, 1951.

(227 P. 2d 416.)

276

Odis Pruitt, per se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action by the petitioner, Odis Pruitt, wherein he alleges the invalidity of a judgment and sentence under which he stands committed to the State Penitentiary.

In the petition it is alleged that the petitioner was sentenced after a jury trial for the crime of burglary in the second degree after the former conviction of a felony, but that said judgment was void because no preliminary examination was ever held on said charge.

The Attorney General has filed a demurrer to the petition and has further called our attention to the case of Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337, wherein this court considered at length the identical contentions of petitioner which are now presented and therein decided the questions adversely to his contentions. Reference is made to that case for a statement of the facts.

The law of that case pertaining to the alleged failure to hold a preliminary examination is set forth in the first two syllabi which provide:

"The constitutional provision, art. 2, § 17, Okla. Const., that no person shall be prosecuted for a felony by information without having had a preliminary examination is in the nature of a personal privilege for the benefit of the accused which may be waived by him.

"The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information before entering a plea on the merits."

It is unnecessary to again reiterate all of the legal authorities which were cited in the former opinion sustaining the facts therein expressed. We adhere to that opinion.

In addition it is established law that where the Criminal Court of Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on the same grounds or facts existing when the first application was made, whether then presented or not. In re Edwards, 79 Okla. Cr. 259, 154 P. 2d 105; Denton v. Hunt, 79 Okla. Cr. 166, 152 P. 2d 698.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.