## Ex parte HINLEY.

No. A-11606. July 25, 1951.

Writ of Certiorari Denied Oct. 15, 1951. See 72 S. Ct. 83.

(234 P. 2d 947.)

Jake Hinley, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original action for writ of error coram nobis brought by Jake Hinley, as petitioner, an inmate of the State Penitentiary. In said petition it appears he was convicted in Jefferson county, Oklahoma, with the crime of first degree rape of one Nellie B. Hinley, who he alleges was past 16 years of age at the time of the alleged crime. He alleges she was born September 4, 1922. Nellie B. Hinley, the victim of the alleged rape, was the daughter of the petitioner, Ex parte Hinley, 79 Okla. Cr. 382, 155 P. 2d 265. The foregoing case recites there was a conflict in the evidence between Hinley's testimony and that of his daughter, at the trial, resulting in his conviction and the sentence as imposed on November 27, 1938, Ex parte Hinley, 84 Okla. Cr. 437, 183 P. 2d 602. It is well to observe that this matter has been here on habeas corpus twice in addition to the foregoing cited cases, Ex parte Hinley, 88 Okla. Cr. 81, 199 P. 2d 613; Ex parte Hinley, 92 Okla. Cr. 85, 220 P. 2d 844. But these actions would not constitute a bar to this proceeding if such proceedings presented a proper case. But, as was said in State ex rel. Burford v. Sullivan, 86 Okla. Cr. 364, 193 P. 2d 594, 596:

"A writ of error coram nobis does not lie to correct any error in the judgment of the court, nor to contradict or to put in issue any fact directly passed upon and confirmed by the judgment itself, nor to review and revise the court's opinions but only enables the court to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court."

Under the provisions of Title 22, §§ 951, 952, O.S.A. 1941, providing for procedure for obtaining a new trial, we can hardly conceive of a situation not covered by these provisions. The provisions of § 952, subsection 7, in relation to granting a new trial on the ground of newly discovered evidence provides the basis for relief herein sought by writ of error coram nobis. It reads as follows, to wit:

"When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, or when it can be shown that the grand jury was not drawn summoned or impaneled as provided by law, and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. When a motion for a new trial is made on the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof affidavits of witnesses, or he may take testimony in support thereof as provided in Section 5781, and if time is required by the defendant to procure such affidavits or testimony, the court may postpone the hearing of the

motion for such length of time as under all the circumstances of the case may seem reasonable."

Herein the petitioner seeks to do the very thing we said in State ex rel. Burford v. Sullivan, supra, could not be done. Herein through the affidavit of Nellie Bee Hinley now Nellie B. Finnell, to the effect he did not commit the offense of which he was convicted, and in which case she was the prosecuting witness, he seeks to contradict an issue of fact directly passed on and confirmed by the conviction and the judgment and sentence had in the trial court. In the Sullivan case, we said such could not be done. Furthermore, in Gibson v. State, 87 Okla. Cr. 260, 197 P. 2d 310, 313, wherein we said:

"The writ of coram nobis, or writ of error coram nobis as it is sometimes termed, was a common-law writ which developed in the early stages of common law procedure because of the absence at that time of the right to move for a new trial and the right of appeal from the judgment. State ex rel. [Burford] v. Sullivan, 86 Okla. Cr. 364, 193 P. 2d 594.

"The right of the defendant to file a motion in arrest of judgment, motion for new trial because of newly discovered evidence, and other statutory remedies have largely if not entirely superseded the office and functions of the old common law writ. The writ of coram nobis has never been issued by the Criminal Court of Appeals of Oklahoma; although, by dicta it has been said in some cases that in appropriate circumstances such a writ may properly issue in this State. State ex rel. Attorney General v. Hurst, 59 Okla. Cr. 220, 57 P. 2d 666; State ex rel. [Mitchell] v. Swindall, 33 Okla. Cr. 210, 241 P. 456; State ex rel. [Burford] v. Sullivan, supra; Ex parte Goff, 87 Okla. Cr. 33, 194 P. 2d 206."

We repeat, in substance, what we said earlier in this opinion. We cannot conceive of a situation not covered by the statutory provision on the question of new trial. Of course, these rights are no longer the subject of common law but must be exercised in the manner provided by statute. Hence we feel safe in concluding that the writ of error is no longer available in Oklahoma, since that writ has been superseded by the statutory provisions for motion in arrest of judgment and for new trial on the ground of newly discovered evidence.

Moreover, the petitioner asserts that relief herein should be granted upon the proposition that one George Peeks confessed he was the father of the child born to Nellie B. Hinley. This confession was allegedly made on May 24, 1948. It has been held that such a confession of guilt by another man than the applicant for writ of error coram nobis will not furnish sufficient reason for issuance of this writ, and the allegation of newly discovered evidence is likewise unavailable for said purpose. People v. Vernon, 9 Cal. App. 2d 138, 49 P. 2d 326, and cases therein cited. Certainly such a confession as to paternity of the victim's child would only be a circumstance that might be considered by the jury in the trial on the merits in determining the defendant's guilt of the charge. It would not form the basis for relief from a conviction for first degree rape by writ of error coram nobis. It is apparent that all the things for which the petitioner was convicted could have happened as alleged and proved and still Peeks could have been the father of Nellie B. Hinley's child. Both the fact of paternity by another person as well as the fact of first degree rape by the victim's father may be true. In any event the issue of fact sought to be established herein was adjudicated in the proceeding resulting in the petitioner's conviction, which fact, in similar cases, it has been universally held cannot be disturbed by writ of error coram nobis.

Such is the situation presented by the petitioner herein. For the reasons hereinbefore set forth the petition for writ of error coram nobis fails to state sufficient grounds to confer jurisdiction upon the court, and the said petition is accordingly dismissed.

JONES and POWELL, JJ., concur.