James BERRYHILL, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A-13498.

Court of Criminal Appeals of Oklahoma.

April 29, 1964.

James Berryhill, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

JOHNSON, Presiding Judge:

James Berryhill has filed his verified petition herein wherein he seeks a writ of habeas corpus to be released from imprisonment in the State Penitentiary. The petition alleges in substance that petitioner is illegally and unlawfully restrained of his liberty and freedom.

It appears his confinement is by reason of his plea of guilty in the district court of

Atoka County to a charge of murder, wherein he was sentenced to life imprisonment. In his petition he alleges that he was denied his legal and constitutional rights, at the time of his conviction.

Petitioner attaches copy of the minutes of the county court of Atoka County, and of the district court of that county on his arraignment; and also copy of his prison record, which shows that this is his fourth term in the penitentiary; that he escaped from the penitentiary at one time and was returned, that later he was paroled and his parole revoked and he was returned from the State of Texas as a parole violator.

The Attorney General has filed a response to the rule to show cause issued herein, attaching a copy of the judgment and sentence dated February 1, 1940, and copy of the prison record; and further calling our attention to the fact that petitioner filed an application for writ of habeas corpus in this Court on·January 23, 1948 where the identical contentions made herein were presented and ·considered at length, and decided adversely to petitioner's contentions. Ex parte Berryhill, 87 Okl.Cr. 48, 194 P.2d 214. Reference is made to that case for a statement of the facts.

It is established law that where the Court of Criminal Appeals has denied an application for writ of habeas corpus, it will not ordinarily entertain a subsequent application for such writ on the same grounds or facts, or any other grounds or facts existing at the time the first application was made. In re: Edwards, 79 Okl. Cr. 259, 154 P.2d 105; Ex parte Tidwell, 92 Okl.Cr. 263, 222 P.2d 760; Pruitt v. Burford, 93 Okl.Cr. 275, 227 P.2d 416; Allen v. Raines, Okl.Cr., 368 P.2d 667; Hanger v. State (Raines), Okl.Cr., 373 P.2d 272, and cases cited.

Further, it has repeatedly been held that where petition for release by habeas corpus is delayed for a period of time so long that minds of the trial judge and court attendants may have become clouded by time and uncertain as to what happened, and the possibility of dislocation of witnesses and loss of records and rights sought. to be asserted have become mere matters of speculation, based upon faulty recollections or figments of imagination, justice may require the denial of the writ under the doctrine of laches. The record here shows that this petitioner was convicted on February 1, 1940. He filed a petition for habeas corpus herein, as above stated, on January 23, 1948, which was denied on June 2, 1948, and his petition herein was filed on March 12, 1964. Under the authority of Ex parte Snow, 84 Okl.Cr. 423, 183 P.2d 588; Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840; Ex parte Workman, 89 Okl.Cr. 289, 207 P.2d 361, we must hold that the right to relief, if any petitioner had, has been lost by laches.

For the reasons herein stated, the petition for writ of habeas corpus is denied.

NIX and BUSSEY, JJ., concur.