Ex parte OSCAR LOVINGOOD.

No. A-9040.   Jan. 3, 1936.

(53 Pac. [2d] 290.)

Oscar Lovingood, pro se.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  This is an original proceeding in habeas corpus.

Petitioner alleges that on July 3, 1935, he was convicted in the district court of Coal county of manslaughter in the first degree and was sentenced to serve a term of forty-five years in the state penitentiary and was duly committed to the penitentiary at McAlester. That on October 2, 1935, while serving said sentence and on request from the United States Attorney for the Eastern District of Oklahoma, he was delivered by an executive order of the Governor of this state, duly attested by the secretary of state, to the United States marshal and was by him conveyed to the United States District Court at Durant, where he was tried, convicted, and sentenced to serve a term of ten years in the United States penitentiary at Leavenworth, Kan., on a charge of violating a federal statute. That he was then returned to the state penitentiary at McAlester by the United States authorities, where he is now confined under said conviction in Coal county; that said confinement is illegal for the reason that the executive order of the Governor, under which petitioner was delivered to the United States marshal, is a pardon. The facts stated are not controverted. Attached to the petition are certified copies of the judgment of the district court of Coal county, the informal request of the United States Attorney for the delivery of petitioner for the purpose of attending trial in the United States Court at Durant, the executive order of the Governor attested by the secretary of state, a copy of the judgment and sentence in the United States court.

The executive order referred to, in part recites:

"It appearing that the * * * Assistant United States Attorney * * * has requested * * * that Oscar Lovingood * * * who is now confined in the state penitentiary at McAlester, Oklahoma, be released under guard to testify in a cause now pending for trial against this prisoner in the

United States District Court for the Eastern District of Oklahoma * * * and it further appearing that the said Oscar Lovingood is a material and necessary witness in said cause and that his presence and testimony are required for the proper trial of said cause.

"It is therefore ordered that you, as warden of the Oklahoma state penitentiary * * * deliver the said Oscar Lovingood * * * to the custody and care of the United States Marshal * * * said prisoner to be kept under guard at all times and properly returned to the penitentiary when his presence is no longer required in the United States District Court. * * *"

The judgment and sentence in the United States District Court in part provides:

"It is thereupon now considered, ordered and adjudged that the defendant Oscar Lovingood, is sentenced to 10 years in the U. S. penitentiary at Leavenworth, Kansas, to begin when the imprisonment defendant is now serving in the Oklahoma state penitentiary expires or when he shall be released from said penitentiary at McAlester from said sentence for any reason whatsoever.

"It is ordered by the court that the marshal deliver or cause to be delivered the body of defendant back to the Oklahoma state penitentiary where he is now serving sentence."

Petitioner relies on Ex parte Guy, 41 Okla. Cr. 1, 269 Pac. 782, wherein this court held that under the state of facts there recited the delivery of a convict in the state penitentiary, undergoing sentence, was a pardon and that petitioner in that case was entitled to be discharged by habeas corpus. In that case the state of facts, the executive order, and the conditions were so different from the instant case that it is no authority for the release of petitioner in this proceeding, but to the contrary is authority for the denial of his contentions. It was there said in substance that the federal government may deliver

an accused person held by it, to the state, or the state may deliver a convict serving sentence in a state prison to the federal authorities for the purpose of having him testify or for the purpose of prosecution in the federal courts and that upon the conclusion of his testimony or the completion of his trial, he may be returned to the state to complete his sentence. In that case the petitioner was delivered to the federal authorities to be prosecuted and in case of conviction to suffer the punishment imposed after which he was to be returned to the state authorities, but in case of his acquittal no return was provided for. In the instant case both the executive order and the judgment and sentence of the federal court provide that the state does not lose its custody of the prisoner. See authorities cited in Ex parte Guy, supra. The time of service of petitioner in the state penitentiary was not interrupted by the executive order and his trial in the federal court. He was at all times in the direct or constructive custody of the state and his confinement in the penitentiary under the judgment of the district court of Coal county is legal.

The writ is denied.

DAVENPORT, P. J., and DOYLE, J., concur.