18378

Mervin Lee SCOTT, Appellant, v. Ellis C. MacDOUGALL and the State of South Carolina, and The State Attorney General, Respondents.

(143 S. E. (2d) 457)

*Owens T. Cobb, Jr., Esq.,* of Columbia, *for Appellant,*

254

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Thomas G. Earle, Assistant Attorneys General,* of Columbia, *for Respondents,*

July 13, 1965.

LEGGE, Acting Associate Justice.

This appeal is from an order of the Honorable John Grimball, Judge of the Fifth Circuit, denying appellant's petition for a writ of habeas corpus. The pertinent facts appearing in the record are as follows:

On May 31, 1961, in the Court of General Sessions for

Charleston County, appellant pleaded guilty to charges of armed robbery, assault and battery of a high and aggravated nature, and assault with a deadly weapon; and he was thereupon sentenced to confinement in the State Penitentiary at hard labor for fifteen years. He was admitted to the State Penitentiary on June 1, 1961. Thereafter, the Governor of Florida having requested that he be delivered into the custody of the sheriff of Dade County, Florida, to stand trial in that county on a charge of first degree murder, the Governor of South Carolina issued an executive order pursuant to which appellant was delivered to the Florida authorities on November 6, 1961, and by them taken to Dade County. There he pleaded guilty to the charge of murder and was sentenced to life imprisonment. He was committed to the Florida State Prison at Raiford. On August 28, 1962, he was returned to the South Carolina State Penitentiary to complete service of the sentence imposed by that state; and there he is presently confined. The Florida Division of Corrections has filed with the Supertintendent of the South Carolina State Penitentiary a detainer for the purpose of assuring that Florida will have custody of appellant upon his release.

Appellant contends here, as he did before the Circuit Judge, that he is unlawfully confined and that he is entitled to immediate release because:

1. By surrendering him to Florida, South Carolina waived its right to require him to complete service of his South Carolina sentence; and

2. By surrendering him to South Carolina after his sentence in Dade County and his commitment to the State Prison at Raiford, Florida relinquished jurisdiction of his person, and therefore its detainer filed with the South Carolina authorities was without warrant in law and of no effect.

As to the first of these contentions he argues : that except for the provision of Article 4, Section 11 of the Constitution

of 1895, which authorizes the Governor to grant reprieves and to commute a sentence of death to that of life imprisonment, the laws of South Carolina do not give to the Governor any power to release a prisoner from service of his sentence; and that, lacking such power, the Governor's action in releasing appellant to Florida for trial there operated as a permanent waiver of South Carolina's jurisdiction of his person. In support of this position he cites several decisions from other jurisdictions holding that (1) where a prisoner is released to another state by an agency lacking statutory power to do so, or (2) where the order of release contains no stipulation for the return of the prisoner to the surrendering jurisdiction, such release operates as a permanent waiver of the releasing state's jurisdiction of the prisoner's person. Some such cases are mentioned in the annotation in 147 A. L. R. 941. But discussion of them is unnecessary, for they are not in point here.

The power of a state to waive temporarily its strict right to exclusive custody of one confined for violation of its laws in order that another state may subject him to trial for a crime against it is a power inherent in sovereignty, founded on principles of comity as between sovereigns; it requires no affirmative statutory authority; such waiver is a matter that addresses itself solely to the discretion of the sovereign granting it. *Rau v. McCorkle,* 47 N. J. Super. 36, 135 A. (2d) 224; Application of Butler (Okl. Crim. Ct. of App.), 346 P. (2d) 348. *Cf. Ponzi v. Fessenden,* 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; *Johnson v. Lowry,* 183 Ga. 207, 188 S. E. 23; and *Gilchrist v. Overlade* (1954), 233 Ind. 569, 122 N. E. (2d) 93. This power is appropriately exercised on the part of the state by the Governor, as its Chief Executive. Whether or not he may effect the release in such manner as permanently to waive the state's jurisdiction of the prisoner is a matter upon which we need not speculate, for the executive order in this case expressly negatived the idea of a permanent waiver in these words:

"It is further ordered that at the conclusion of the trial of Mervin Lee Scott and he has received sentence on said charge of first degree murder, that said prisoner is to be returned to the State of South Carolina by the Sheriff of Dade County, State of Florida, to the prison from which he was received, to serve the remainder of his prison sentence in South Carolina."

One accused of crime is entitled to trial or other disposition of the charge against him at a time when the evidence for and against him is fresh. The state is likewise entitled to a prompt trial of the accused. Release of appellant to Florida for trial for murder there, conditioned upon his return to South Carolina for completion of his sentence here, was in furtherance of sound public policy; it deprived appellant of no substantial right. *Rau v. Mc-Corkle, supra.*

Appellant's second contention is also without merit. Judicial inquiry in this proceeding is limited to the question of the legality of appellant's present confinement. 25 Am. Jur., Habeas Corpus, Sections 2, 13; *Douglas v. Hall,* 229 S. C. 550, 93 S. E. (2d) 891; *Wyatt v. State,* 243 S. C. 197, 133 S. E. (2d) 120. Appellant's present confinement is pursuant to his South Carolina sentence; it is not referable to the Florida detainer.

We take this occasion to commend counsel, appointed by this court, for his vigorous and able presentation of the appeal herein.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.