Alvie WRIGHT, Petitioner,

**v.**

Ray PAGE, Warden of Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13760.

Court of Criminal Appeals of Oklahoma.

May 18, 1966.

David K. Petty, McAlester, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original action in which petitioner, Alvie Wright, through his attorney David K. Petty of McAlester, Oklahoma, is seeking his release from the State Penitentiary by writ of habeas corpus. Petitioner was sentenced January 20, 1939, by the district court of Washington County, Oklahoma, to life imprisonment for the crime of murder, after being found guilty by a jury.

April 1, 1964, this Court denied an earlier pro se petition for writ of habeas corpus, which was denied. Wright v. State, Okl. Cr., 390 P.2d 921.

This same matter was heard before the United States District Court for the Eastern District of Oklahoma, at McAlester, Oklahoma, on December 30, 1964 on petition for writ of habeas corpus. March 11, 1965 that Court denied the petition for the writ of habeas corpus.

Petitioner states essentially the same facts in his petition now before this Court, which were stated in both of the previous petitions. While he was not represented by

counsel before this Court, when he filed his earlier petition, he was represented by counsel before the United States District Court; and he is presently represented by competent counsel.

At the time petitioner was tried for the crime of murder, he was on parole from the United States Penitentiary at Leavenworth, Kansas. When he was convicted and incarcerated in the State Penitentiary, his federal parole was revoked.

In November, 1961 on request of petitioner, and on the recommendation of the Pardon and Parole Board, the then Governor of the State of Oklahoma, J. Howard Edmondson, issued and executed a "conditional parole" to the petitioner. The order of the United States District Court, in which petitioner's writ was denied, recites as follows:

"* * * [I]t should be noted that the plaintiff signed and agreed to the stipulations contained in the parole, as above mentioned; further, plaintiff requested the State of Oklahoma to grant him this conditional parole to serve the balance of his sentence under the federal offense so that he would then be eligible for parole under his life sentence imposed by the Oklahoma Court. Plaintiff testified and the Court finds that plaintiff had an unserved sentence under the federal charge, and he had been paroled from Leavenworth, Kansas, and this parole was revoked in 1939; that *he did ask the Pardon & Parole Board of the State of Oklahoma to grant him the conditional parole* herein mentioned so that he could go back to Leavenworth and finish his federal sentence, *and the reason for this was because he could not be paroled out of McAlester as long as he had this hold order out of the penitentiary* (Leavenworth)." (Emphasis supplied.)

The Oklahoma conditional parole provided, among other things:

"I hereby waive all extradition rights and process and agree to return to Oklahoma at any time during my parole that I am directed to do so by the Pardon and Parole Officer."

And further:

"This parole to be granted . with the stipulation that the inmate be released to the custody of the federal officers with the understanding that at such time as his sentence has been completed in the federal jurisdiction, the inmate, Alvin Wright, No. 39076, is to be returned to the Oklahoma State Penitentiary."

November 7, 1961, petitioner was paroled to the federal authorities on this "conditional parole", and was transported to the federal penitentiary at Leavenworth, Kansas. Petitioner completed his federal sentence in July, 1962, at which time the Oklahoma authorities returned him to the Oklahoma State Penitentiary.

In his petition, he contends that upon the completion of his federal sentence, he was forcibly, without his consent, removed by the Oklahoma officers from the State of Kansas and returned to the Oklahoma penitentiary. He contends further that such removal without extradition proceedings, and without waiver of extradition proceedings, relinquished all jurisdiction over petitioner by the state of Oklahoma; and that his life sentence was thereby commuted by operation of law; and that the voluntary surrender to the United States Government divested the State of Oklahoma of further jurisdiction over him.

In support of his position, petitioner relies primarily upon Ex parte Guy, 41 Okl.Cr. 1, 269 P. 782 for his authority. In that case, the Governor of the State of Oklahoma executed an "order" releasing the prisoner to the federal authorities in Oklahoma County. This Court construed that "order" to be a pardon. The report of that case fails to disclose whether or not the prisoner requested the order, but it is logically presumed that he did not make such request. However, under the terms of that order the prisoner made no waivers, and no agreements.

We are of the opinion that the Guy case, supra, is not applicable to the facts in the

case at bar. In the instant case, petitioner requested the parole,—for his own benefit and to serve his own purposes. When the Governor granted the conditional parole, petitioner agreed to the terms thereof. Among those terms, as hereinbefore set out in part, were the specific provisions: that petitioner waived all extradition rights and process; he agreed to return to Oklahoma, at any time directed by the Pardon and Parole Officer; and that at such time his sentence was completed in the federal jurisdiction, he would be returned to the Oklahoma State Penitentiary. None of these conditions or terms were present in the "order" issued in the Guy case.

Likewise, we have considered all the cases cited in petitioner's brief and find that the same difference exists in all of them. In each of them, the prisoner was being sent to another jurisdiction by means of extradition, or otherwise, without his knowing what was happening to him, whereas, in the case before us now, petitioner initiated the move himself. In this case, petitioner knew what the situation was from the moment of its conception to its conclusion. In fact, the chain of events was entered into for petitioner's benefit.

It should also be noted, that at the time the Guy case was settled in 1928, the Governor of the State of Oklahoma had exclusive power to grant clemency in the form of reprieves, commutations, paroles, and pardons. However, in 1944 the Oklahoma State Constitution was amended to provide for a Pardon and Parole Board; and that the Governor shall have the power to grant commutations, pardons and paroles after favorable recommendation by a majority of that Board. Under these conditions, the Governor can not issue an "order" of the nature found in the Guy case.

■■■ Notwithstanding the provision of the Constitution, the Pardon and Parole Board cannot grant' a parole on its own action. That power is still the exclusive power of the Governor, but must be preceded by the Board's recommendation.

In the case of Application of Cooley, Okl.Cr., 295 P.2d 816, this Court said:

"The power to issue pardons is vested exclusively in the Governor, and a recommendation of the Pardon and Parole Board is advisory only."

And in Ex parte Hines, Okl.Cr., 289 P.2d 972:

"The power to grant pardons, paroles, reprieves and commutations except in cases of impeachment, is vested in the Governor by the constitution, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as are provided by law."

■■ Likewise, a parole is, by its very nature, a conditional instrument; and when a prisoner is granted a parole, the terms of which are violated, such parole is subject to being revoked.

And in In re Edwards, 79 Okl.Cr. 259, 154 P.2d 105, we said:

"The Governor of the state has the power to annex to a pardon or parole any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed."

And see Ex parte Edwards, 78 Okl.Cr. 213, 146 P.2d 311; Ex parte Barrett, 75 Okl.Cr. 414, 132 P.2d 657.

As stated in the order of the United States District Court for the Eastern District of Oklahoma, "The conditions outlined in the conditional parole are not illegal, immoral or impossible of performance."

■ We are of the opinion that the instrument complained of was a conditional parole, and that the conditions thereof were not illegal, immoral or impossible to be performed.

■ We are also of the opinion, when a prisoner is released on parole by the State of Oklahoma, he remains theoretically a prisoner of the State of Oklahoma while he continues to be free under the terms and conditions of that parole. When the

terms of that parole are violated, he is not exempt from being arrested, and taken into custody to serve the remainder of his prison term. Likewise, the terms of that parole remain in effect until they are fully satisfied according to the laws of the State of Oklahoma. See Re: Application of Cooley, supra, holding further:

"Governor could revoke prisoner's parole without notice or hearing."

We adopt the statement from Davis v. Rhyne, 181 Kan. 443, 312 P.2d 626:

"A prisoner paroled from federal penitentiary after his parole from state prison is constructively a prisoner of state, subject only to such rights as federal authorities may assert in conforming with rule of comity between federal and state sovereignties."

We also adopt the statement of the Oregon State Supreme Court, in Knowles v. Gladden, 227 Or. 408, 362 P.2d 763, cert. den. 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537:

"If sovereignty entitled to prior custody of prisoner consents or does not object, another sovereignty may take such person into custody to subject him to its law; if any comity between sovereigns is violated, offending sovereignty may complain, but not prisoner."

Petitioner also alleges that his constitutional rights under the 14th amendment to the United States Constitution were violated, but he fails to state in what manner and which rights were violated. We are of the opinion that any question as to the violation of his rights under the Constitution of the United States has been settled in the order issued on March 11, 1965 by the United States District Court for the Eastern District of Oklahoma.

We therefore hold that petitioner was still a prisoner of the State of Oklahoma, when he completed his sentence in the federal penitentiary at Leavenworth, Kansas; and that the state authorities did not violate any of his constitutional or statutory rights when they transported him to the State Penitentiary at McAlester, Oklahoma.

Writ denied.

BUSSEY, P. J., concurs.

NIX, J., not participating.