**Ivan L. DECKARD, Appellant,**

v.

**CHAIRMAN OF the STATE of Missouri DI-VISION OF PAROLE, Respondent.**

**No. 56191.**

Supreme Court of Missouri,
Division No. 1.

Oct. 11, 1971.

Ivan L. Deckard, appellant pro se.

John C. Danforth, Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Bill in equity seeking to have a detainer warrant issued by the Board of Probation and Parole of Missouri declared a nullity and an injunction against its enforcement. The trial court entered a judgment of dismissal and petitioner has appealed. We have jurisdiction because a state officer, as such, is a party. Art. V, § 3, Const., V.A.M.S. We affirm.

Appellant was convicted in Missouri in 1959 of several felony charges and sentenced to 35 years' imprisonment. While

appellant was serving this sentence in the custody of the Missouri Department of Corrections, a detainer warrant of the United States was served on officers of the Missouri Department of Corrections seeking custody of appellant for the purpose of having appellant serve a federal sentence. On April 16, 1966 the Missouri Board of Probation and Parole made an order releasing appellant on parole to the United States Marshal in Kansas City, Missouri. The order of parole contained nine usual printed conditions (including obeying laws) and an additional tenth as follows:

"It is further ordered that in the event you are released prior to July 18, 1986, you shall continue under the jurisdiction of the State of Missouri until July 18, 1986, the expiration date of your sentence from Missouri and you shall notify the Missouri Board of Probation and Parole, Box 267, Jefferson City, Missouri, immediately upon such release, either by parole or completion of your federal sentence."

The order of parole also stated:

"It is further ordered that the above named parolee shall remain in the legal custody of the Missouri State Board of Corrections, but shall be amenable to the orders of the Board of Probation and Parole until date of expiration, or until returned to the Missouri State Department of Corrections by order of the Board of Probation and Parole."

Appellant's agreement to this order was stated thereon, as follows: "I have read (or have had read to me) the Order of Parole and the conditions set out therein. I agree to comply with such conditions during the period of my parole. Signed Ivan L. Deckard."

In 1967, appellant was released from the federal prison in Atlanta, Georgia, but sent to Indiana to serve an unexpired term there. Indiana paroled him in 1968 under the Interstate Parole Compact to reside and work in Illinois. No Missouri-Illinois parole agreement was executed. In 1969, appellant was indicted in Illinois on an armed robbery charge. Missouri issued a parole violator's warrant for his arrest. However, he was taken in custody by the United States Marshal and returned to the federal prison in Atlanta to serve the balance of his federal sentence. Thereafter, he filed this action.

Appellant's contention is that his release by Missouri, while serving a sentence, for the purpose of service of a federal sentence is an implied pardon or commutation of sentence satisfying the judgment of conviction so that there is no continuing jurisdiction in Missouri. Appellant mainly relies on State v. Saunders, 288 Mo. 640, 232 S.W. 973, where only two of the seven judges concurred in the opinion on which he relies. Ex parte Guy, 41 Okl.Cr. 1, 269 P. 782; Jones v. Morrow, 154 Kan. 589, 121 P.2d 219; People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935; Jones v. Rayborn, Ky.App., 346 S.W.2d 743.

The authority of the Guy case, on which appellant strongly relies, has been limited by decisions of the Supreme Court of Oklahoma in Ex Parte Lovingood, 58 Okl. Cr. 336, 53 P.2d 290, and Wright v. Page, Okl.Cr., 414 P.2d 570. In Lovingood, the petitioner was convicted of manslaughter and committed to the penitentiary to serve a 45-year sentence. While serving that sentence he was delivered to the United States Marshal to be tried in the United States District Court. He was tried, convicted and sentenced to ten years for violating a federal statute and then returned to the Oklahoma penitentiary. On the authority of the Guy case, he sought discharge. The court said that the petitioner in the Guy case "was delivered to the federal authorities to be prosecuted and in case of conviction to suffer the punishment imposed after which he was to be returned to the state authorities, but in case of his acquittal no return was provided for." However, in Lovingood "both the execu-

tive order and the judgment and sentence of the federal court provide that the state does not lose its custody." Furthermore, the executive order under which he was delivered to the United States Marshal provided petitioner was "to be kept under guard at all times and properly returned to the Penitentiary when his presence is no longer required in the United States District Court."

In Wright v. Page, 414 P.2d 570, petitioner was on parole from the federal penitentiary in 1939 when he was convicted of murder in Oklahoma and sentenced to life imprisonment. In 1961 he was paroled to the federal authorities on conditions to which he agreed and completed his federal sentence. On authority of the Guy case, petitioner sought his release when returned to Oklahoma. The court held petitioner was properly held to complete his sentence in Oklahoma noting that, unlike the Guy case and others cited, he knew what the situation was and agreed to it and that it was for his benefit to complete his federal sentence. The court further stated: "We are also of the opinion, when a prisoner is released on parole by the State of Oklahoma, he remains theoretically a prisoner of the State of Oklahoma while he continues to be free under the terms and conditions of that parole. When the terms of that parole are violated, he is not exempt from being arrested, and taken into custody to serve the remainder of his prison term. Likewise, the terms of that parole remain in effect until they are fully satisfied according to the laws of the State of Oklahoma."

Furthermore, the Supreme Court of Ohio said in Heston v. Green, 174 Ohio St. 291, 189 N.E.2d 86, 87, that People ex rel. Barrett v. Bartley is the minority view and "shows no sound basis at law or under the Constitution to conclude that a release of a convict by one sovereign for prosecution for another crime or to serve a sentence for which crime the prisoner has already been convicted by another sovereign should constitute a waiver by the releasing sovereign of its rights to exact the full penalty."

In that case, the petitioner had been sentenced in Ohio in 1956. He was paroled in 1958 but immediately removed to Indiana on a detainer. In 1959 he was paroled in Indiana and went to Texas but was returned to Ohio as a parole violator. However, Ohio at the request of Indiana allowed him to complete his sentence there and he was then returned to Ohio and required to serve the rest of his Ohio sentence.

The court said: "Inasmuch as it is impossible for a person to be in two places at the same time, where one owes penalties to two separate sovereigns one sovereign must relinquish its claim and allow the other to exact its penalty first. Such relinquishment does not constitute a waiver of punishment but rather a mere delay in its execution. The order of punishment is a matter to be decided between the sovereigns and is a matter over which the convict has no control."

Recent federal authorities are in accord with this statement. See Bullock v. Mississippi, 5th Cir., 404 F.2d 75 and cases cited and also citations in Brown v. State, Mo., 452 S.W.2d 176. The principle was established by Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, that one serving a sentence imposed by a federal court could be sent to be tried in a state court. See also Scott v. Mac-Dougall, 246 S.C. 252, 143 S.E.2d 457; Rau v. McCorkle, 45 N.J.Super. 191, 131 A.2d 895.

In the annotation to the Bartley case, 147 A.L.R. 943, it is said: "The decisions seem to warrant the statement, as a general rule, that the surrender of a paroled convict to the authorities of another jurisdiction for trial upon a criminal charge does not as a matter of law constitute a permanent waiver of the right to recommit such convict on account of the violation of the terms or conditions of his parole, to

serve out the remainder of his term." More recent cases in accord with this statement are: State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N.W.2d 447; Heston v. Green, 174 Ohio St. 291, 189 N.E.2d 86; Jurczyszyn v. Pascoe, 316 Mich. 529, 25 N.W.2d 609. It is also said 4 Wharton's Criminal Law and Procedure 421, § 1684: "It appears to be the general rule that when the asylum state surrenders on parole to the authorities of another jurisdiction, for trial upon a criminal charge therein one who has been convicted in the asylum state, such surrender does not constitute, as a matter of law, a permanent waiver by such asylum state of the right to recommit, on account of violations of his parole, the one so surrendered, for the purpose of serving out the remainder of his term under the conviction in the asylum state."

Since the time of State v. Saunders, supra, 232 S.W. 973, this state has adopted the Uniform Criminal Extradition Act which specifically provides against waiver by the state of its right to regain custody of a person "for the purpose of trial, sentence or punishment for any crime committed within this state." § 548.270. Even more important are our statutory provisions for parole, §§ 549.205–549.310, establishing a State Board of Probation and Parole and prescribing its authority. Section 549.261 provides for fixing conditions for parole. Section 549.271 authorizes "When a court or other authority has issued a warrant against a prisoner, the board may release him on parole to answer the warrant of such court or authority." That is exactly what was done in this case and appellant agreed to it and its conditions by signing it. An important reason why appellant would accept the terms of the order is that § 549.275 provides: "The period served on parole shall be deemed service of the term of imprisonment." Thus appellant would benefit by serving his state and federal sentences at the same time, as noted in Wright v. Page, supra. This of course is subject to the power of the Board to withhold it for parole violation. § 549.265.

Our conclusion is that the cases on which appellant relies are not applicable to the situation in this case and the judgment of dismissal is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.