537 F.2d 970
 Richard S. PEHLER, Appellant,
v.
Kenneth SCHOEN, Commissioner of Corrections, his Agents and
Employeespersonally and in their Official Capacity, and as
Agent for Elayn Hunt, andElayn Hunt, Director, Department of
Corrections, State of Louisiana, and herAgents and
EmployeesIndividually and in their Official Capacity, Appellees.
 No. 75--1717.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1976.
Decided July 9, 1976.
 
 Melvin B. Goldberg, Minneapolis, Minn., for appellant; James P. Cullen, Minneapolis, Minn., on brief.
 Richard B. Allyn, Asst. Atty. Gen., St. Paul, Minn., for appellees; Warren Spannaus, Atty. Gen., State of Minnesota; Richard G. Mark, Asst. Sol. Gen., and Thomas J. Foley, Special Asst. Atty. Gen., St. Paul, Minn., on brief.
 Before WEBSTER and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*
 WEBSTER, Circuit Judge.
 
 
 1
 Richard S. Pehler, a Minnesota state prisoner, brought this action in the District Court pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief from the effects of a detainer lodged against him by the State of Louisiana and to have that detainer declared void and unenforceable. The District Court denied Pehler's motion for a preliminary injunction, holding that Pehler's claim was in the nature of a habeas corpus claim. Pehler appeals from that order.
 
 
 2
 After serving three years of a nine-year sentence for attempted murder, Pehler was released on parole from the Louisiana Angola Penitentiary in October, 1972. He was paroled to the State of Minnesota pursuant to the Interstate Compact for the Supervision of Parolees and Probationers. See Minn.Stat.Ann. § 243.16. On June 7, 1973, while in Minnesota and on such parole, Pehler was convicted on a state charge of unauthorized use of a motor vehicle and was incarcerated in the Minnesota State Prison at Stillwater under a three-year sentence.
 
 
 3
 On June 15, 1973, Louisiana issued and subsequently lodged with Minnesota State Prison officials a parole violation detainer. During 1973 and 1974, Pehler made repeated demands for disposition of the detainer to the departments of correction of both states. Finally, on April 24, 1974, Minnesota personnel conducted a preliminary revocation hearing as mandated by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),[1] on behalf of the Louisiana department. Although the Minnesota authorities found probable cause to revoke parole on August 29, 1974, and so notified the Louisiana authorities, neither state acted thereafter to provide a final revocation hearing as required by Morrissey. On September 11, 1975, two days following the District Court's order denying a preliminary injunction, Pehler was discharged by Minnesota authorities into the custody of Louisiana state authorities. Pehler's Notice of Appeal was filed on September 19, 1975.
 
 
 4
 Pehler's amended complaint undeniably asserts that the Louisiana detainer was having adverse effects upon the conditions of his confinement in Minnesota.[2] To the extent that he sought relief from such adverse conditions by restraining Minnesota authorities from treating him differently from other prisoners solely upon the basis of the detainer without a prompt revocation hearing by Louisiana authorities, Pehler brought himself squarely within our holding in Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973); and the District Court therefore had jurisdiction to hear that part of Pehler's complaint under 42 U.S.C. § 1983. Whether, on the other hand, the District Court erred in denying the preliminary injunction we need not now decide, for plainly under Cooper the transfer of Pehler to Louisiana on September 11, 1975, terminated the adverse conditions of confinement, if any, in Minnesota and rendered that issue moot. Id. at 311.
 
 
 5
 This does not end the question, however, because Pehler also sought injunctive relief to prevent the State of Louisiana from revoking his parole in view of its recalcitrance in granting him a prompt revocation hearing. Pehler asserts that the Minnesota District Court has jurisdiction to award injunctive relief because it has acquired personal jurisdiction over the Minnesota authorities whom he claims are agents of Louisiana under the Interstate Compact. Minnesota denies such agency and disputes jurisdiction.
 
 
 6
 The additional injunctive relief sought by Pehler would place him on the street under renewed parole and would preclude revocation of his parole based upon the Minnesota conviction.[3] We agree with the District Court that this relief must be characterized as challenging the 'fact or duration' of confinement and as such may only be raised by Pehler in a habeas corpus action under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Since it is clear that the exhaustion of state remedies required under Section 2254(b) has not been attempted, it is obvious that the balance of Pehler's complaint, however liberally construed, cannot be maintained in federal court at this time.[4]
 
 
 7
 Although this appeal is on the narrow issue of the denial of a preliminary injunction, the present mootness of the Section 1983 claim and the absence of jurisdiction under the habeas corpus claim are so apparent that further hearings are unnecessary. We therefore remand this case to the District Court with instructions to dismiss the Section 1983 claim as moot and to dismiss the habeas corpus claim without prejudice to Pehler's right to refile in an appropriate jurisdiction[5] upon exhaustion of his state remedies.
 
 
 
 *
 The Honorable Talbot Smith, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Recognizing the need for a probable cause hearing near the place of violation or arrest, the Interstate Compact provides that the administrative authorities of the supervising state shall conduct the probable cause hearing and shall thereafter notify the sending state with a report of the hearing and its recommendations. See Minn.Stat.Ann. §§ 243.16(4)(e) and (6)
 
 
 [2]
 The amended complaint alleges the following irreparable harm:
 a. The opportunity to serve the Louisiana sentence concurrently with the Minnesota sentence.
 b. The opportunity to be eligible for participation in a work release program.
 c. The opportunity to enjoy greater liberty by residing in a minimum security facility of the Minnesota Department of Corrections.
 d. The opportunity to participate in a variety of rehabilitation programs both inside and outside the prison setting.
 e. The opportunity to be eligible for a temporary parole, 'a limited yet extremely cherished liberty.'
 f. The inability to make meaningful plans for the future and the anxiety and tension that results therefrom.
 
 
 [3]
 Derailment of pending state proceedings has not yet been found by our Court to be an appropriate response to a prisoner's due process claim based on failure to provide a prompt revocation hearing. See Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). Our ruling today does not reach that question
 
 
 [4]
 Our holding on this point makes it unnecessary and inappropriate to decide the complex personal jurisdiction issue presented by the agency language of the Interstate Compact. See Minn.Stat.Ann. § 243.16(4)(e). That important question must abide another day
 
 
 [5]
 We add a cautionary reminder that at least for the present Pehler's custodian is in Louisiana and there does not appear to be any further jurisdictional nexus in Minnesota. See Noll v. Nebraska, --- F.2d ---, (8th Cir. 1976)