**Eddie DORSEY, Jr., Petitioner,**

v.

**Elmer MASCHMANN, Clerk of Court of Franklin County, Missouri, et al., Respondents.**

**No. 76–954C(4).**

United States District Court, E. D. Missouri, E. D.

Jan. 11, 1977.

Eddie Dorsey, Jr., pro se.

Paul Robert Otto, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for Richard Vermillion.

Joseph R. Aubuchon, Asst. Pros. Atty., Franklin County, Union, Mo., for Tate, Maschmann and Schroeder.

## MEMORANDUM

NANGLE, District Judge.

This action is before the Court upon the responses of respondents Elmer Maschmann, Clerk of the Circuit Court of Franklin County, Missouri; the Honorable Joseph T. Tate, Circuit Judge of Franklin County; Donald E. Schroeder, Sheriff of Franklin County; and Richard Vermillion, Chairman of the Missouri State Office of Probation and Parole. Petitioner Eddie Dorsey, Jr. commenced this action *in forma pauperis* as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a Wisconsin state prisoner, seeks the withdrawal of a Missouri arrest warrant as a detainer against him in the Wisconsin prison. He does not seek release from his imprisonment.

In his petition Dorsey alleges that he was convicted of burglary and stealing in the Circuit Court of Franklin County, Missouri, on April 3, 1970. He was sentenced to two three-year terms of imprisonment, but execution of the sentence was suspended. He was then placed on probation for five years. In February, 1973 petitioner's probation was transferred to Wisconsin.

On November 21, 1974 petitioner was convicted in a Wisconsin state court of two counts of armed robbery and was sentenced to concurrent terms of five years and twelve years in the Wisconsin state prison.

On May 9, 1975 a Missouri probation violation arrest warrant was served upon petitioner in the Wisconsin prison as a detainer against him. The warrant was issued by the Clerk of the Circuit Court of Franklin County and states in part as follows:

> You are hereby commanded to arrest: Eddie Dorsey, Jr.[,] who is charged with violating the conditions of his Probation, granted in this case no. 7299, on the 3rd day of April, 1970 following his plea of guilty to and his conviction of the Charge of Burglary in the second degree and stealing in connection with said burglary; and wherein, he was sentenced to the term of Three (3) years in the custody of the Department of Corrections, State of Missouri for burglary and wherein, he was sentenced to the term of Three (3) years in the custody of the Department of Corrections, State of Missouri for the stealing in connection with said burglary in the second degree on the 3rd day of April, 1970 and wherein on the 3rd day of April, 1970, he was placed on Probation, upon the conditions of the Order of Probation, for a period of Five (5) years, unless extended, revoked or released, and

wherein on the 3rd day of April, 1970 the Probationer was by the Court placed under the supervision of the State Probation Officer of the State of Missouri; Wherefore, on this 17th day of March, 1975 it is by the Court ordered that this Capias Warrant for Arrest be issued, the above violations of the probation are alleged to have been committed within the jurisdiction of this court and in violation of the laws of the State of Missouri, and to bring him forthwith before this court to be here dealt with in accordance with law; and you, the officer serving this warrant, shall forthwith make return hereof to this court.

A copy of the arrest warrant is attached to the petition.

Petitioner claims that he is being deprived of due process in violation of the Fourteenth Amendment because the warrant does not set forth the probation violations upon which the warrant was issued. He argues that, because the warrant does not set forth the violations, he is unable to intelligently decide whether to exercise his right to demand a speedy revocation hearing.

The parties have argued at length the issue of whether petitioner has complied with the habeas requirement that he exhaust his available state remedies. 28 U.S.C. § 2254(b). Petitioner has alleged no facts which indicate that the warrant has been executed, but rather merely lodged with the Wisconsin prison. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Petitioner alleges that he has no present remedies in the state courts of Missouri to challenge the filing of the arrest warrant. This Court disagrees. The Franklin County respondents argue that petitioner may request a speedy revocation hearing under § 222.160, Art. III(1), RSMo., the Uniform Mandatory Disposition of Detainers Law. Whether the instant warrant is "any untried indictment, information or complaint" under this uniform law is an issue upon which this Court has found no Missouri case, and which should be left to the state courts for initial determination.

Respondent Vermillion argues that petitioner may seek declaratory and injunctive relief under Chapters 526 and 527 of the Revised Statutes of Missouri. In *Deckard v. Chairman of State Division of Parole*, 471 S.W.2d 480 (Mo.1971), a Georgia federal prisoner contested by way of a "bill in equity" filed in a Missouri court the lodging of a Missouri parole violator's warrant. This Court is not able to conclude that such an action by petitioner would be to no avail. Therefore, the Court will dismiss the instant petition for failure to exhaust available state remedies. *Pehler v. Schoen*, 537 F.2d 970 (8th Cir. 1976).

Therefore this Court will not reach the issues of whether this action is premature by reason of the fact that the instant warrant has not been executed, *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (decided November 15, 1976); whether petitioner must await the execution of the warrant before he is entitled to a statement of the alleged violations, *Clark v. Wyrick*, 538 F.2d 1327, 1329 (8th Cir. 1976); and whether the instant warrant is sufficient merely as a detainer, *United States ex rel. Nicholson v. Dollard*, 102 F.2d 94 (4th Cir. 1939).

Regarding petitioner's alleged inability to decide whether or not to demand a speedy revocation hearing, the Court notes from the response of the Franklin County respondents that "[t]he cause for revocation is violation of condition 14 of the conditions of probation, by being convicted of two new offenses while on probation."