Dear Mr. Toan:
This is in response to a request from your predecessor for an opinion asking the following question:
 If an individual receives two concurrent sentences, under the criminal code, one causing the conditional release term to be longer than the other, can the individual be held until the conditional release date for the longer sentence arrives? In the alternative, how are such sentences served?
Under the new criminal code, which became effective on January 1, 1979, a novel concept of serving a term of imprisonment, apparently not used by any other state, has been introduced in Missouri. Atty. Gen. Op. No. 12, Freeman, March 13, 1980. Under the code, a sentence for a term of years is automatically broken down by statute into a "prison term" and a "conditional release term." Subsection 4 of § 558.011, RSMo Supp. 1980, states that:
 (1) A sentence of imprisonment for a term of years shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036, RSMo, shall be:
 (a) One-third for terms of nine years or less;
 (b) Three years for terms between nine and fifteen years;
 (c) Five years for terms more than fifteen years, including life imprisonment; and the prison term shall be the remainder of such term.
 (2) `Conditional release' means the conditional discharge of a prisoner by the division of corrections, subject to conditions of release that the state board of probation and parole deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and shall prohibit technical violation of his probation and parole.
Unfortunately, the only statute dealing with concurrent sentences is of no help in answering the question posed in this opinion. Section 558.026, as amended by H.B. Nos. 1138, 1279, 1461, 1534, 1537, 1592 and 1634, 80th General Assembly, presently effective, merely states that, if a person is on probation, parole or conditional release and subsequently commits an offense for which he receives a term of years, the court shall direct the manner in which that sentence shall run with respect to any revocation of the probation, parole or conditional release term or terms. The legislature has not defined the method of serving the conditional release and prison terms of two or more concurrent sentences. The question of how to serve concurrent sentences under the new code forms the basis of this opinion. Due to the paucity of sources comprising legislative intent in Missouri, canons of construction will be relied upon to answer this question.
The first part of the question directed to this office inquires whether an individual, serving two concurrent sentences of unequal length, can be held in jail on the longer sentence even after the conditional release date of the shorter sentence has arrived. The answer to this question is clearly "yes." The difficulty leading to the formation of this question stems from the language of § 558.011.4(2), RSMo Supp. 1980, which defines, in part, "conditional release" as the conditional discharge of the prisoner by the division of corrections. However, just because a person is entitled to a conditional discharge on a lesser sentence, certainly does not mandate his discharge while the prison term on a longer sentence continues to run. The prisoner is entitled to be discharged from the penitentiary only when his time for release on the longer concurrent sentence has arrived. Forbes v. Haynes, 465 S.W.2d 485, 491
(Mo. banc 1971). Therefore, he must remain in the penitentiary until the conditional release term on the longer sentence arrives.
The more difficult question posed by the opinion request inquires as to how the prison term and conditional release term should be served on two concurrent sentences of unequal length. There are two possible interpretations on how to serve such sentences under the code.
The first view is that, when the prison term of the shorter sentence expires, the conditional release term is held in abeyance until the prison term on the longer sentence is served. At the end of the prison term on the longer sentence, the conditional release term of both sentences would then run concurrently, with the shorter conditional release term expiring at some point during the running of the conditional release term of the longer sentence. This interpretation finds some support in § 558.011.2(2), RSMo Supp. 1980, which states in part that, "Conditional release' means the conditionaldischarge of the prisoner by the division of corrections. . ." (Emphasis added.) This language of the statute could be construed to indicate that a prisoner cannot serve his conditional release term until he is discharged from the penitentiary.
The second interpretation of how concurrent terms of imprisonment should be served is the position that will be advocated by this opinion. When an offender is sentenced to concurrent terms of imprisonment, the component parts of the shorter term of imprisonment, i.e., both the prison and conditional release terms, run concurrently and continually with the prison term of the longer sentence. Only if the longer prison term expires with time remaining on the conditional release term of the shorter sentence, will the two conditional release terms then run concurrently. An example here is displayed by a defendant sentenced to six and nine year concurrent terms of imprisonment. Under § 558.011.4(1)(a), RSMo Supp. 1980, the conditional release terms for the two sentences will be two and three years, respectively. A person would serve his four year prison term on the shorter sentence, and then begin the conditional release term of two years on that sentence. The two year conditional release term would run concurrently with the remaining two year prison term on the longer sentence. The offender would then be discharged from the penitentiary, to begin the three year conditional release term on the longer sentence. See The New Missouri CriminalCode: A Manual For Corrections Personnel, § 3.7, comments on § 558.011.4, page 39.
The adoption of this viewpoint on how to run concurrent sentences is mandated for two principal reasons. First and foremost, statutes dealing with punishment administered for a crime are penal statutes that must be strictly construed. State v. Smith, 591 S.W.2d 263
(Mo.App., W.D. 1979). As previously mentioned, since the statutory language of sentencing and serving concurrent code sentences is not clear and is subject to two possible interpretations, the interpretation more favorable to the prisoner should prevail. Running the conditional release term on the shorter sentence during the prison term of the longer sentence is clearly more favorable to a prisoner than delaying the shorter conditional release term until the longer prison term is expired, and then running both conditional release terms concurrently. For example, assume that a longer sentence was given for a conviction of a more serious crime than the shorter sentence. When the longer prison term expired, assuming that both conditional release terms begin concurrently at that point, more stringent conditions of release may be placed on the more severe crime than on a lesser offense which carried the shorter sentence. If the prisoner committed a technical violation of a term of conditional release on only the more serious offense, then the prisoner might have to serve the remainder of the longer conditional release term as a prison term under § 558.031.5, RSMo 1980. Since the prisoner will be incarcerated, the shorter conditional release term not revoked would again be stayed until the discharge of the prisoner from the custody of the division of corrections. The prisoner, while having fully served his longer sentence, would be subject to serving the remainder of his conditional release term on the shorter sentence. A part of the conditional release term would be made consecutive to the original term of years imposed by the judge. This result is contrary to the rule of leniency favoring a defendant in construing penal statutes.
Second, concurrent sentences are to run simultaneously with each other, and the prisoner is entitled to be discharged at the end of the longer sentence. State v. Tahash, 159 N.W.2d 99, 102
(Minn. 1968). If a conditional release term on the shorter sentence were delayed until the arrival of the conditional release date on the longer concurrent sentence, the shorter sentence would be served in installments and would not run simultaneous with the longer concurrent sentence.
Of course, the legislature can specify the manner in which concurrent sentences shall run. The legislature can mandate that a conditional release term shall run concurrently only with another conditional release term, and not with a prison term on a concurrent sentence as this opinion suggests. However, in absence of such a clear legislative intent, when there are two concurrent sentences of unequal duration, the shorter sentence should run continuously
with the longer sentence.
One further matter should be mentioned. Section 558.011.4(2), RSMo Supp. 1980, is quite clear that the conditional release term of a sentence shall be served under the custody of the board of probation and parole. As mentioned above, when the conditional release date on a shorter concurrent sentence arrives, the prisoner should not be discharged from the penitentiary while he is serving the prison term on a longer concurrent sentence. However, the order of conditional release should issue on the shorter sentence, resulting in the technical discharge of the prisoner from the custody of the division of corrections on that sentence. A prisoner can be subject to conditions of probation or parole on one sentence while incarcerated in jail on another sentence. Green v. United States,298 F.2d 230, 232 (9th Cir. 1961); § 549.271, RSMo 1978; Deckard
v. Chairman, 471 S.W.2d 480 (Mo. 1971). In such a situation, it may be advisable that the terms of conditional release on the shorter sentence include the inmate's compliance with the rules and regulations of the division of corrections, in addition to any other special conditions deemed necessary to assist in the rehabilitation of the inmate.
CONCLUSION
It is the opinion of this office that if a defendant is sentenced to serve concurrent sentences of unequal length under the present criminal code, he must have the shorter sentence run continuously with the longer sentence. The conditional release term on the shorter sentence should continue to run during the prison term on the longer sentence.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Lew A. Kollias.
Very truly yours,
 JOHN ASHCROFT Attorney General